IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JEFFREY D. DAHL AND KRISTIN L. DAHL, AS CO-TRUSTEES OF THE DAHL FAMILY REVOCABLE TRUST, DATED SEPTEMBER 27, 2019,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES DEBRIYN,<br><br>Defendant. | Case No: 3:24-cv-336-jdp<br><br>DEFENDANT'S PROPOSED FINDINGS OF FACT |

Defendant James DeBriyn hereby submits these Proposed Findings of Fact:

**I. Parties**

1. Trustees, Jeffrey Dahl and Kristin Dahl (hereinafter, "Plaintiffs" or the "Dahls"), are citizens of the State of Wisconsin whose mailing address is PO Box 56 in Clam Lake, Wisconsin. (Complaint, ECF No. 1-1, p. 6; Second Am. Compl., ECF No. 1-2, p. 74)

2. Defendant, James DeBriyn (hereinafter, "Defendant") is a citizen of the state of Arizona who resides at 2955 E Hermosa Vista Dr, Mesa, AZ 85213.( Declaration of James DeBriyn, January 3, 2025 ("DeBriyn Decl.") ¶ 1)

**II. Jurisdiction Amount**

3. Plaintiffs filed their original complaint in the Circuit Court of Bayfield County, Wisconsin, on July 19, 2023. (Complaint, ECF No. 1-1, p. 6)

4. On August 16, 2023, Defendant removed the case from Bayfield County, Wisconsin, Circuit Court on August 16, 2023 to the Western District of Wisconsin, Eau Claire

1

Division as case 3:23-cv-552, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the basis of diversity jurisdiction because the claims in this action are between citizens of different states and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs. ([First] Notice of Removal, ECF No. 1-1, p. 18)

5. After removal, Plaintiffs amended their complaint on October 20, 2023, adding non-diverse defendants John Grossi and Real Estate Consultants of Hayward, Inc. and diverse defendants Mark D. Avery, Ellen R. Heritage (then deceased), and the Mark Douglas Avery and Ellen Rase Heritage Revocable Living Trust dated July 18, 2011. (Amended Complaint, ECF No. 1-1, p. 96)

6. On October 27, 2024, Defendant DeBriyn filed a motion to sever the defendants joined in the Amended Complaint, and after the issue was fully briefed, the Court denied Defendant's motion to sever on February 5, 2024, and the Court remanded the case back to Bayfield County for lack of subject matter jurisdiction. *Dahl v. DeBriyn*, No. 23-cv-552-JDP, Order (W.D. Wis. Feb. 5, 2024).

7. Plaintiffs filed their Second Amended Complaint on December 1, 2023. (Second Amended Complaint, ECF No. 1-2, p. 74)

8. Following remand to the state court, Plaintiffs voluntarily dismissed the only non-diverse defendants, John Grossi and Real Estate Consultants of Hayward, Inc., with prejudice on May 8, 2024, restoring complete diversity. (Order Dismissing Grossi and REACH, ECF No. 1-2, p. 132)

9. On May 16, 2024, Plaintiffs voluntarily dismissed defendants Mark D. Avery, Ellen R. Heritage (deceased), and the Mark Douglas Avery and Ellen Rase Heritage Revocable Living Trust dated July 18, 2011. (Motion and Order to Dismiss, ECF No. 1-2, p. 136)

2

10. On May 21, 2024, Defendant removed this case to the United States District Court for the Western District of Wisconsin, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1)

11. The amount in controversy in this case exceeds $75,000. (Notice of Removal, ¶ 19, ECF No. 1)

**III. Legal Descriptions of Relevant Properties and Ownership History**

12. Plaintiffs own of the following parcel of real estate (hereinafter "Dahl Property"):

    A parcel of land located in the Northeast Quarter of the Northeast Quarter (NE ¼ NE ¼) of Section One (1), Township Forty-three (43) North, Range Eight (8) West, Town of Cable, Bayfield County, Wisconsin, more particularly described as:

    Beginning at the Northwest corner of said NE ¼ of the NE ¼; thence South 89° 47' 30" East along the North line of the Section, 944.15 feet to a point 4 feet, more or less, from the water's edge of Rosa Lake; thence South 40° 14' 31" West along a meander line, 291.68 feet; thence South 1° 44' 30" West along a meander line, 233.54 feet to a point 20 feet, more or less, from the water's edge of Rosa Lake; thence North 89° 47' 30" West parallel with the North line of the section, 746.01 feet to the West line of said NE ¼ of the NE ¼; thence 0° 19' 37" West along said West line, 456.80 feet to the Point of Beginning. Including all lands lying between the above-described meander line and the water's edge of Ross Lake; EXCEPT lands lying beneath the water of Little Rosa Lake.

    Parcel Identification number: 04-012-2-43-08-01-1 01-000-10000.

    (Second Am. Compl., ¶ 10, ECF No. 1-2, pp. 75-76)

13. Defendant owns three parcels of land applicable to this case (collectively, hereinafter the "DeBriyn Property"):

    Parcel 1:
    The Northeast Quarter of the Northeast Quarter, Section One (1), Township Forty-three (43) North, Range Eight (8) West LESS a parcel of land and easement described in Volume 517 of Records, Page 98-99 recorded in the Register of Deeds, Bayfield County, Wisconsin, document no 388035.

    Parcel Identification Number: 04-012-2-43-08-01-1 01-000-20000

3

> Parcel 2:
> The Southwest Quarter of the Northwest Quarter, Section Six (6), Township Forty-three (43) North, Range Seven (7) West.
>
> Parcel Identification Number: 04-012-2-43-07-06-2 03-000-10000
>
> Parcel 3:
> The West Eighty-five (85) Feet of Government Lot I, Section Six (6), Township Forty-three (43) North, Rang Seven (7), West.
>
> Parcel Identification Number: 04-012-2-43-07-06-2 05-001-60000

(DeBriyn Decl., ¶ 2)

14. Plaintiffs hold an easement for ingress and egress to the Dahl Property, originally granted in 1990, that runs over the DeBriyn Property (hereinafter the "Easement") described as follows:

> [A]n easement for ingress and egress to the [Dahl Property], described as follows:
>
> Commencing at the C 1/16 Northeast comer of said Section 1; thence North 0° 19' 37" West, 136.09 feet to point "A" and the Point of Beginning; thence continuing North 0° 19' 37" West, 660.04 feet to the Southwest comer of the Gosnell property; thence returning to point "A" and bearing South 69° 39' East, 101.57 feet; thence North 44° 19' East 248.1 1 feet; thence North 50° 06' East, 130.41 feet to point "B"; thence North 9° 10' East, 286.05 feet; thence North 28° 53' 30" East, 171.20 feet to a point on the South line of the Gosnell property; thence returning to point "B" and bearing South 9° 10' West, 235.91 feet; thence South 79° 13' East, 349.76 feet; thence North 73° 49' East, 191.70 feet; thence South 44° 37" East, 118.20 feet; thence North 86° 00' East, 132.90 feet; thence North 62° 30' East, 170.45 feet; thence South 26° 57' East, 160.65 feet; thence South 64° 23' East, 294.10 feet; thence South 36° 31' East, 274.16 feet to the centerline of the East Cable Lake Road.

(DeBriyn Decl., Exs. C - F)

15. The Easement serves as the Dahl Property's only existing access to a public road.

(DeBriyn Decl., ¶ 10)

4

16. The Dahl Property was originally owned by Louie and Lucille DeBriyn, who conveyed the Dahl Property with the Easement to Joseph Gosnell via deed in 1990. (DeBriyn Decl., Ex. C)

17. After Joseph Gosnell died on or about February 23, 2000 and the Dahl Property became property of the Gosnell Estate. (DeBriyn Decl., ¶ 22)

18. The Gosnell Estate sold the Dahl Property to James T. Williams and Lori Anderson Williams on March 21, 2001. (DeBriyn Decl., Ex. D)

19. James T. Williams and Lori Anderson Williams sold the Dahl Property to Mark D. Avery and Ellen R. Heritage on or about April 14, 2004. (DeBriyn Decl., Ex. E)

20. Mark D. Avery and Ellen R. Heritage as trustees of the Mark Douglas Avery and Ellen Rase Heritage Revocable Living Trust, Dated July 18, 2011, sold the Dahl Property to Jeffrey D. Dahl and Kristin L. Dahl as trustees of The Dahl Family Revocable Trust, Dated September 27, 2019, on or about May 28, 2021. (DeBriyn Decl., Ex. F)

**IV. Condition of the Dahl Property**

21. The Dahl Property does not contain any structures. (Second Am. Compl., ¶ 24, ECF No. 1-2, p. 78)

**V. The Easement**

22. The road representing the Easement has existed in substantially the same condition since the original grant of the Easement in 1990. (DeBriyn Decl., ¶ 7, Exs. A, P-R)

23. The road representing the Easement has existed in the same location since the original grant of the Easement in 1990. (DeBriyn Decl., ¶ 7, Exs. A, P-R)

24. The road representing the Easement has the same width since the original grant of the Easement in 1990. (DeBriyn Decl., ¶¶ 7-9, Exs. A, P-R)

25. There is no dispute as to the location of the Easement. (DeBriyn Decl., ¶ 7; *see generally* Second Am. Compl., ECF No. 1-2, pp. 74-84 (not alleging a dispute as to location))

26. Prior owners of the Dahl Property used the Easement for ingress and egress. (DeBriyn Decl., ¶ 12)

27. No prior owner of the Dahl Property requested to modify the Easement. (DeBriyn Decl., ¶ 12)

28. No prior owner of the Dahl Property complained to Defendant regarding the Easement's width. (DeBriyn Decl., ¶ 12)

29. Defendant did not have any contact with Mark Avery at any time prior to Plaintiffs' filing of this lawsuit. (DeBriyn Decl., ¶ 13, DeBriyn Decl., Ex. N, Admissions of Jeffrey Dahl ¶¶ 32-33; DeBriyn Decl., Ex. O, Admissions of Kristin Dahl ¶¶ 32-33)

30. Defendant has never had any contact with Ellen Heritage. (DeBriyn Decl., ¶ 14)

31. The existing road that acts as access to the Dahl Property and which runs over the described course of the Easement is approximately 2,300 feet long. (DeBriyn Decl., ¶ 10)

32. The existing road that acts as access to the Dahl Property and which runs over the described course of the Easement is 10 feet wide. (DeBriyn Decl., ¶ 8)

33. There is no direct evidence that the existing road that acts as access to the Dahl Property and which runs over the described course of the Easement was ever wider than it is today. (DeBriyn Decl., ¶ 9)

34. The existing road that acts as access to the Dahl Property and which runs over the described course of the Easement is of suitable width for walking. (DeBriyn Decl., ¶ 5)

35. The existing road that acts as access to the Dahl Property and which runs over the described course of the Easement is of suitable width for passenger vehicles. (DeBriyn Decl., ¶¶ 5-6, 11, Exs. R; DeBriyn Decl., Ex. N, Admissions of Jeffrey Dahl ¶¶ 21-22; DeBriyn Decl., Ex. O, Admissions of Kristin Dahl ¶¶ 21-22; R)

36. The existing road that acts as access to the Dahl Property and which runs over the described course of the Easement is of suitable width for many types of commercial vehicles. (DeBriyn Decl., ¶ 11; *see also* DeBriyn Decl., Ex. B (stating the Dahl Property is served by electrical and telecommunications))

37. Defendant and his predecessors in interest have used the Easement without issue since the Easement was granted in 1990. (DeBriyn Decl., ¶¶ 5-6, 11)

38. Plaintiffs have used the existing road that acts as access to the Dahl Property and which runs over the described course of the Easement for both ingress and egress with a passenger vehicle before and after purchasing the Dahl Property. (DeBriyn Decl., ¶ 18; DeBriyn Decl., Ex. N, Admissions of Jeffrey Dahl ¶¶ 21-22; DeBriyn Decl., Ex. O, Admissions of Kristin Dahl ¶¶ 21-22)

39. Defendant has not taken any action that restricts Plaintiffs' use of the Easement. (DeBriyn Decl., ¶ 26)

40. Defendant has not taken any action to restrict the width of the Easement. (DeBriyn Decl., ¶ 26)

**VII. Town of Cable Ordinance**

41. The DeBriyn Property and the Dahl Property are in the Town of Cable. DeBriyn (DeBriyn Decl., ¶ 2; Second Am. Compl., ¶ 10, ECF No. 1-2, pp. 75-76)

7

42. When the Town of Cable adopted Ordinance 26A-06 on or about April 12, 2006, the Easement did not meet the requirements as outlined in Ordinance 26A-06, including the width of the access road from the public road to the Dahl Property along the course of the Easement. (*Compare* DeBriyn Decl., ¶¶ 7-9, *with* Ex. L)

43. After the Town of Cable amended Ordinance 26A-06 on August 20, 2008, May 15, 2013, and again on February 11, 2013, the Easement did not meet the requirements as outlined in Ordinance 26A-06, including the width of the access road from the public road to the Dahl Property along the course of the Easement. (*Compare* DeBriyn Decl., ¶¶ 7-9, *with* Ex. L)

44. When the Town of Cable Ordinance 26A-06 was amended and restated April 19, 2023, as Ordinance 26A-Amended 2023, the Easement did not meet the requirements as outlined in Ordinance 26A-Amended 2023, including the width of the access road from the public road to the Dahl Property along the course of the Easement. (*Compare* DeBriyn Decl., ¶ 10, *with* Ex. M)

**VIII. Plaintiff's Dispute as to the Width of the Easement**

45. Along the path of the Easement, from the public road to the point where the Easement diverges from the road that leads to Defendant's structures, Plaintiffs intend to clear a drivable surface 22 feet wide and a cleared path through the woods 50 feet wide. (DeBriyn Decl., Ex. N, Interrogatories of Jeffrey Dahl ¶ 5; DeBriyn Decl., Ex. O, Interrogatories of Kristin Dahl ¶ 5)

46. Along the path of the Easement, from the point where the Easement diverges from the road that leads to Defendant's structures to the Dahl Property, Plaintiffs intend to clear a drivable surface 12 feet wide and a cleared path through the woods 24 feet wide.

8

(DeBriyn Decl., Ex. N, Interrogatories of Jeffrey Dahl ¶ 5; DeBriyn Decl., Ex. O, Interrogatories of Kristin Dahl ¶ 5)

47. Along the entire path of the Easement, Plaintiffs intend to provide wider segments every 150 feet, with segments being at least 25 feet in length and 18 feet in width. (DeBriyn Decl., Ex. N, Interrogatories of Jeffrey Dahl ¶ 5; DeBriyn Decl., Ex. O, Interrogatories of Kristin Dahl ¶ 5)

48. There are hundreds of trees along the Easement that would be within Plaintiffs proposed changes to the Easement. (DeBriyn Decl., ¶ 16)

49. Plaintiffs intend to bulldoze Defendant's land along the path of the Easement to create a new road surface 22 feet wide for the first portion and 12 feet wide for the portion after the road splits. (DeBriyn Decl., Ex. N, Interrogatories of Jeffrey Dahl ¶ 5; DeBriyn Decl., Ex. O, Interrogatories of Kristin Dahl ¶ 5)

50. Removing Defendant's trees to widen the access road along the course of the Easement would unreasonably burden Defendant's land. (DeBriyn Decl., ¶ 16)

51. Bulldozing Defendant's land to widen the access road along the course of the Easement would unreasonably burden Defendant's land. (DeBriyn Decl., ¶ 16)

52. Defendant's enjoyment of his land would be materially diminished if Plaintiffs were allowed to destroy it by widening the existing access road. (DeBriyn Decl., ¶ 16)

**IX. The Apex Survey**

    53. Frederic Zietlow, the surveyor who completed the Apex Survey of the Dahl Property on or about January 27, 2001, is deceased. (DeBriyn Decl., Ex. N, Admissions of Jeffrey Dahl ¶ 2; DeBriyn Decl., Ex. O, Admissions of Kristin Dahl ¶2)

**X. Plaintiff's Allegations Regarding Interference with Interest**

    54. Defendant has not taken any action that could form a basis for a claim under Wis Stats. § 844.01 or a claim upon which the remedies under § 844.01 are available. (DeBriyn Decl., ¶ 26)

    55. Defendant has not taken any action that could form a basis for a claim under Wis Stats. § 804.01. (DeBriyn Decl., ¶ 27)

**XI. Defendant DeBriyn's Affirmative Defense: Laches**

    56.  Louis (Louie) DeBriyn, party to the deed granting the Easement and who had had first hand knowledge of the historical width and use of the Easement, died on or about August 20, 1996. (DeBriyn Decl., ¶ 19)

    57. Lucille (Lucy) C. DeBriyn, party to the deed granting the Easement and who had had first hand knowledge of the historical width and use of the Easement, died on or about November 19, 2019. (DeBriyn Decl., ¶ 20)

    58. Joseph H. Gosnell, III, party to the deed granting the Easement and who had had first hand knowledge of the historical width and use of the Easement, died on or about February 23, 2000. (DeBriyn Decl., ¶ 22)

59. Daniel DeBriyn, who had had first hand knowledge of the historical width and use of the Easement, died on or about July 7, 2007. (DeBriyn Decl., ¶ 21)

60. Colonel (Ret.) Robert E. Knapp, neighboring property owner to the South at the time the Easement was granted, had had first hand knowledge of the historical width and use of the Easement, died on or about March 24, 2005. (DeBriyn Decl., ¶ 23)

61. Susan E. Knapp, neighboring property owner to the South at the time the Easement was granted, had had first hand knowledge of the historical width and use of the Easement, died on or about October 13, 2010. (DeBriyn Decl., ¶ 24)

62. Richard DeBriyn, who hunted on the DeBriyn Property and frequently traveled over the Easement from the time it was granted, had first hand knowledge of the historical width and use of the Easement, died on or about September 26, 2007. (DeBriyn Decl., ¶ 25)

**XII. Documents**

63. Photographs depicting the Easement from 1997, 1999, 2008, 2009, 2011, and 2023 are attached as Exhibit A to the Declaration of James DeBriyn.

64. A copy of the online listing for the Dahl Property from May 12, 2021, is attached as Exhibit B to the Declaration of James DeBriyn.

65. A copy of the deed granting the Easement and conveying the Dahl Property from Louis and Lucille C. DeBriyn to Joseph H. Gosnell, III, on September 4, 1990, recorded in Bayfield County in volume 517, pages 98-99 is attached as Exhibit C to the Declaration of James DeBriyn.

66. A copy of the deed conveying the Dahl Property from Robert Arthur Erikson, as personal representative of the Estate of Joseph H. Gosnell, III to James T. Williams and Lori

Anderson Williams, on March 8, 2001, recorded in Bayfield County in volume 792, pages 921-22 is attached as Exhibit D to the Declaration of James DeBriyn.

67. A copy of the deed conveying the Dahl Property from James T. Williams and Lori Anderson Williams to Mark D. Avery and Ellen R. Heritage on April 14, 2004, recorded in Bayfield County in volume 889, page 113 is attached as Exhibit E to the Declaration of James DeBriyn.

68. A copy of the deed conveying the Dahl Property from The Mark Douglas Avery and Ellen Rae Heritage Revocable Living Trust dated July 18, 2011 to Jeffery D. Dahl and Kristin L. Dahl, Co-Trustees of The Dahl Family Revocable Trust dated September 27, 2019, on May 28, 2021, recorded in Bayfield County as document 2021R-588989 is attached as Exhibit F to the Declaration of James DeBriyn.

69. A copy of the survey emailed to me by Plaintiff's counsel, Linda Coleman on or about April 19, 2023, and which appears to be filed with Bayfield County as survey #3476, depicting the Dahl Property is attached as Exhibit G to the Declaration of James DeBriyn.

70. A copy of the unpublished opinion of *Ebert v. Innswood Whitetails, LLC*, 2019 WI App 65 is attached as Exhibit H to the Declaration of James DeBriyn pursuant to Wis. Stat §809.23(3)(b).

71. A copy of the unpublished opinion of *Dynek v. Est. of Zielinski*, 2015 WI App 37 is attached as Exhibit I to the Declaration of James DeBriyn pursuant to Wis. Stat §809.23(3)(b).

72. A copy of the unpublished opinion of *Eilau v. Roff*, 2022 WI App 57 is attached as Exhibit J to the Declaration of James DeBriyn pursuant to Wis. Stat §809.23(3)(b).

73. A copy of the unpublished opinion of *Enbridge Energy, Ltd. P'ship v. Engelking,* 2017 WI App 1 is attached as Exhibit K to the Declaration of James DeBriyn pursuant to Wis. Stat §809.23(3)(b).

74. A copy of Ordinance 26A-06, An Ordinance to Provide for the Regulation of Private Driveways and Private Roads in the Town of Cable, available at https://townofcable.com/wp-content/uploads/2019/12/26-Private-Driveway-Private-Road.pdf, showing the original ordinance passed on April 12, 2006 and attached amendments through February 11, 2013, is attached as Exhibit L to the Declaration of James DeBriyn.

75. A copy of Ordinance 26A-Amended 2023, An Ordinance to Provide for the Regulation of Private Driveways and Private Roads in the Town of Cable, available at https://townofcable.com/wp-content/uploads/2023/05/Driveway-ordinance.pdf, dated April 19, 2023, is attached as Exhibit M to the Declaration of James DeBriyn.

76. A copy of Plaintiff Jeffrey D. Dahl's Answers to Defendant James DeBriyn's Requests for Admission, Requests for Production and Interrogatories, dated May 29, 2024, are attached as Exhibit N to the Declaration of James DeBriyn.

77. A copy of Plaintiff Kristin L. Dahl's Answers to Defendant James DeBriyn's Requests for Admission, Requests for Production and Interrogatories, dated May 29, 2024, are attached as Exhibit O to the Declaration of James DeBriyn.

78. Video depicting the Easement from 1995 is attached as Exhibit P to the Declaration of James DeBriyn.

79. Video depicting the Easement from 1999 is attached as Exhibit Q to the Declaration of James DeBriyn.

80. Video depicting the Easement from 2022 is attached as Exhibit R to the Declaration of James DeBriyn.

Dated this 10th day of January, 2025.

                Respectfully submitted,

                              */s/ James DeBriyn*
                              James DeBriyn
                              2955 E Hermosa Vista Dr.
                              Mesa, AZ 85213
                              715-558-6566
                              jdebriyn@gmail.com