IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JEFFREY D. DAHL AND KRISTIN L. DAHL, AS CO-TRUSTEES OF THE DAHL FAMILY REVOCABLE TRUST, DATED SEPTEMBER 27, 2019,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES DEBRIYN,<br><br>Defendant. | Case No: 3:24-cv-336-jdp<br><br><br>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS |

## INTRODUCTION

This case is currently pending before the Court on the basis of diversity jurisdiction and on its second removal from state court. This case was remanded to state court following Plaintiffs' joinder of diverse and non-diverse defendants and subsequent denial of Defendant DeBriyn's motion to sever. Because joinder of the non-diverse defendants destroyed complete diversity, the Court remanded this case to the state court.

Unbeknownst to this Court and Defendant DeBriyn, while the motion to sever was pending, Plaintiffs' counsel knew that they had made a material misstatement of law to this Court that was directly adverse to the legal position in their brief opposing Defendant DeBriyn's motion to sever. Specifically, Plaintiffs' brief cited a three-year statute of repose as to claims against the non-diverse defendants, but all claims raised by Plaintiffs against the non-diverse defendants were already time-barred by a two-year statute of repose. Plaintiffs' counsel knew

1

about this error while the motion remained pending and chose to remain silent rather than alerting Defendant DeBriyn or this Court.

By failing to uphold their ethical duty of candor to this tribunal by bringing this material misstatement of law to the Court's attention, Plaintiffs' counsel allowed the Court to enter an unappealable and unreviewable order to remand this case back to state court. After remand, Plaintiffs' counsel did not immediately dismiss the non-diverse defendants, nor did they intend to prosecute their claims against the non-diverse defendants in good faith. Instead, Plaintiffs' counsel coerced the non-diverse defendants to stay in the case against the threat of increased litigation costs to block subsequent removal and to deprive Defendant DeBriyn of his right to defend himself in this Court. Only after they faced the imminent threat of sanctions did they agree to dismiss the non-diverse defendants. This back-and-forth between federal and state courts was preventable and operated to deceive this Court, wasted judicial resources, and caused unreasonable delay.

Failure to disclose law directly adverse to Plaintiffs' position to this Court violated Plainitffs' counsels' duty of candor to this tribunal. Failure to agree to dismiss parties once Plaintiffs' counsel knew the claims against those parties were no longer viable violated 28 U.S.C. § 1927 by unreasonably and vexatiously multiplying these proceedings. In addition, by threatening the non-diverse defendants with increased litigation costs if they moved to be dismissed from the case prior to Defendant DeBriyn's removal rights being extinguished, Plaintiffs' counsel actively intended to abuse the legal process. In addition to 28 U.S.C. § 1927, the Court also has inherent authority to sanction these abuses of the judicial system and award appropriate sanctions against Plaintiffs' counsel.

2

**STATEMENT OF FACTS**

Plaintiffs filed the above-captioned matter in the Circuit Court of Bayfield County, Wisconsin, on July 19, 2023. (Complaint, 6, ECF No. 1-1) On August 16, 2023, Defendant DeBriyn removed the case on the basis of diversity jurisdiction to this Court as case 3:23-cv-552. ([First] Notice of Removal, 16, ECF No. 1-1)

On October 20, 2023, Plaintiffs filed an amended complaint joining additional defendants, including non-diverse defendants John Grossi and Real Estate Consultants of Hayward, Inc. ("RECH," and together, the "Grossi Defendants"). (Amended Complaint, 96, ECF No. 1-1) The Grossi Defendants acted as Plaintiffs' real estate agent in their 2021 purchase of the property at issue in this case and the brokerage that employed the agent. (*Id.*) Plaintiffs also added diverse defendants Mark D. Avery, Ellen R. Heritage (then deceased), and the Mark Douglas Avery and Ellen Rase Heritage Revocable Living Trust dated July 18, 2011. (*Id.*) On October 27, 2024, Defendant DeBriyn filed a motion to sever the claims against these additional defendants. (Motion to Sever, 26, ECF No. 1-2) On December 1, 2023, while the motion to sever was pending, Plaintiffs filed the current operative pleading. (Second Amended Complaint, 74, ECF No. 1-2) On February 5, 2024, this Court denied Defendant's motion to sever because the claims raised by Plaintiffs against the additional defendants were part of the same series of transactions or occurrences as those against Defendant DeBriyn, and therefore joinder was appropriate. *Dahl v. DeBriyn*, No. 23-cv-552-JDP, Opinion and Order (W.D. Wis. Feb. 5, 2024) (the "Order"). Because the addition of the non-diverse defendants destroyed complete diversity, the Court remanded this case back to Bayfield County Circuit Court. (*Id.*) The Order was not subject to appeal or reconsideration, so the case proceeded in state court. *See* 28 U.S.C. § 1447(d).

3

Missing from this timeline, and what was hidden by Plaintiffs' counsel, was Plaintiffs' counsels' dilatory conduct and failure to disclose law directly adverse to their position to this Court (or Defendant DeBriyn) while the motion to sever was pending with this Court. Plaintiffs did not serve defendants Grossi and RECH until 79 days after their summons were issued.[1] (*See* Declaration of James DeBriyn, dated May 9, 2025, "DeBriyn Decl.," 2, Ex. A). Only two days after being served, Greg Grossi, father of Defendant John Grossi and owner of defendant RECH, emailed Attorney Lindsey on January 9, 2024, and correctly cited the applicable statute of limitations, which had expired, and properly concluded that all claims against RECH and Grossi were time-barred. (*See Id.*) RECH followed up on January 12 and January 25. (*Id.* at 3-4) Defendant John Grossi also emailed Attorney Lindsey on January 25. (*Id.* at 6*)* Attorney Lindsey did not respond until more than two weeks later, on January 25, 2024, when he told the Grossi Defendants that they need not answer the complaint against them until after the case was remanded to state court.[2] (DeBriyn Decl., 2, Ex. B)

When Attorney Lindsey responded to the Grossi Defendants' notice that the claims against them were time-barred on January 25, 2024, Attorney Lindsey appeared to be familiar with the statute and had time to consider it in relation to his case against the Grossi Defendants.

---

[1] While Fed. R. Civ. P 4(m) allows service within 90 days, normal conduct "is to place the summons for service immediately." *See Ordower v. Feldman*, 826 F.2d 1569, 1575 (7th Cir. 1987) (quoting *Excalibur Oil Inc. v. Gable*, 105 F.R.D. 543, 544 (N.D.Ill.1985)) (the rule's "watershed establishes not some kind of norm, but rather an outside not-to-be-exceeded date").

[2] While delays in service and granting additional time may be typical or understood as litigation professional courtesy, taken with Plaintiffs' counsels' silence to this Court on their misstatement of the law, it may be more rightly understood as early evidence that Plaintiffs' counsel were comfortable hiding this statute from the Court and that these parties were in the case for reasons other than those stated in the operative complaint. Even after remand, on February 10, 2024, and 113 days after joining the Grossi Defendants, Plaintiffs were willing to grant "an extension for an answer for Mr. Grossi for as long as needed." (DeBriyn Decl., 2, Ex. C) Importantly, this courtesy also prevented Defendant DeBriyn and this Court from having the benefit of the Grossi Defendants' responses as they related to the allegations against them.

4

(*See* DeBriyn Decl., 2, Ex. B) As will be described in more detail, *infra*, this statute's plain language foreclosed any recovery against the Grossi Defendants making them immune from the claims brought against them.[3] Consequently, by this January 25 (but possibly as early as January 9 depending on when Plaintiffs' counsel read that email and the subsequent follow ups), Plaintiffs' counsel knew the statute was directly adverse to law cited by Plaintiffs in their opposition brief to this Court. Plaintiffs did nothing to alert this Court, and eleven days later, this case was remanded pursuant to the Court's Order on February 5, 2024. *Dahl v. DeBriyn*, No. 23-cv-552-JDP, Order (W.D. Wis. Feb. 5, 2024).

After remand, the Grossi Defendants filed their answer on February 22, 2024, through their counsel, Attorney Terry E. Johnson. (Grossi Defendants Answer, 119, ECF No. 1-2) Shortly thereafter, Defendant DeBriyn attempted to contact Attorney Johnson, finally speaking to him on or about March 5, 2024. (DeBriyn Decl., ¶ 4) In that conversation, Attorney Johnson explained that he had already discussed the matter of § 452.142 with Plaintiffs' counsel and that Plaintiffs' counsel advised him that Plaintiffs would oppose any motion to dismiss the Grossi Defendants, but that if his clients simply waited until mid-July Plaintiffs would dismiss the Grossi Defendants voluntarily.[4] (DeBriyn Decl., ¶ 4)

---

[3] In the January 25, 2024, email, Attorney Lindsey incorrectly advised the Grossi Defendants that the statute of repose under Wis. Stats § 452.142 was not applicable due to when Plaintiffs "discovered" the facts that gave rise to joining the defendants citing a letter from Defendant DeBriyn in December 2021 as the point of discovery. (*Id.*) It is well established that statutes of repose are not subject to the discovery rule. *See Tomczak v. Bailey*, 218 Wis. 2d 245, 260, 578 N.W.2d 166, 173 (Wis. 1998) (discussing the inapplicability of the discovery rule to a statute of repose regarding professional liability of surveyors); *see also Esser Distrib. Co. v. Steidl*, 145 Wis. 2d 160, 170, 426 N.W.2d 62, 66 (Wis. App. 1988), aff'd, 149 Wis. 2d 64, 437 N.W.2d 884 (Wis. 1989) (statutes which specify a "point of accrual" are not subject to the discovery rule). Any reasonable attorney would have recognized that this statute would be fatal to the case against the Grossi Defendants and the discovery rule did not apply.

[4] Because this case was originally filed on July 19, 2023, 'mid-July' is an obvious reference to 28 U.S.C. § 1446(c)(1) which states that removal must occur within 1 year of commencement of the action. This understanding was later confirmed between counsel for the Grossi Defendants and

5

At this point Defendant DeBriyn was unaware that Plaintiffs had known of the correct statute of repose and its effect while the motion to sever had been pending with this Court. From Defendant DeBriyn's perspective, it was still plausible that Plaintiffs' counsel were simply negligent with respect to the existence and effect of the two-year statute of repose and learned about it only after remand in their discussions with counsel for the Grossi Defendants. The upshot was that it was clear that due to the unmistakable effect of § 452.142, Plaintiffs had pleaded no viable claims against the Grossi Defendants and now needed to dismiss them (which would restore diversity and allow Defendant DeBriyn to remove the case for a second time). While Attorney Johnson alerted Defendant DeBriyn to the possibility that Plaintiffs may use the threat of continuing frivolous litigation (and the associated costs) to coerce the Grossi Defendants into staying in the case, that possibility seemed a bit fantastical. Unfortunately, Defendant DeBriyn was mistaken.

On March 8, 2024, the state court scheduled a scheduling conference that would take place on April 18, 2024. On the same day, counsel for the Grossi Defendants emailed a letter to Plaintiffs' counsel advising them that the Grossi Defendants would file a motion to dismiss if they did "not obtain[] a stipulation before we spend any money." (DeBriyn Decl., 4, Ex. D) The Grossi Defendants expected dismissal prior to the April 18 hearing or they would file a motion for summary judgment and reiterated that they "cannot afford to be forced to incur any significant legal expense under the circumstances of this case." (*Id.*) Following a phone call, Plaintiffs' counsel offered that, "we are open to a stipulation that avoids litigating a motion for summary judgment at this juncture, limits your clients' need to expend funds, and anticipates an amicable resolution ultimately in this case." (*Id.* at 3) Counsel for the Grossi Defendants referred

---

Attorney Coleman in an email exchange on March 22, 2024 and in other emails. (*See* DeBriyn Decl., 3, Ex. E ("I understand that you want to put this off till it settles or till removal rights end in July"))

6

Plaintiffs' counsel to a letter and draft stipulation to dismiss the Grossi Defendants previously sent on February 19th. (*Id.* at 2)

On March 17, 2024, Plaintiffs' counsel, Attorney Coleman, made it clear that the Grossi Defendants were not in this case for the purposes set forth Plaintiffs' pleadings or brief to this Court. Attorney Coleman acknowledged that the Grossi Defendants were interested in minimizing costs and explained that she needed more time, stating, "I expect the judge to ultimately order mediation in this case and, frankly, the only real necessary parties for mediation are Mr. DeBriyn and my clients." (*Id.*) She went on to ask "would your client be willing to hold off on filing anything while we await the results of the driveway permit application and hopefully complete mediation with Mr. DeBriyn?" (*Id.*) She then clarified that she "could ask the court to order mediation," she "would not expect your clients to participate," and that her "goal is to keep costs down and get us in a position to deal with Mr. DeBriyn." (*Id.*)

On March 22, 2024, counsel for the Grossi Defendants emailed Attorney Coleman because his "[c]lient is pushing me on this" and confirmed the understanding that Attorney Coleman "want[s] to put this off till it settles or till removal rights end in July." (DeBriyn Decl., 3, Ex. E) Attorney Coleman replied that if the Grossi Defendants were to file a motion seeking dismissal, "we'd be looking at your client getting out of this in about July anyway," and suggested that the Grossi Defendants take no action because "I don't anticipate [the Grossi Defendants] having to file any documents or appear at anything other than a status conference." (*Id.*)

On March 23, 2024, counsel for the Grossi Defendants explained that "[i]f we have to go through a hearing my client has instructed me to file a safe harbor letter and motion for summary judgment at which point we would ask for attorney's fees." (*Id.*) Attorney Coleman admonished

7

opposing counsel, stating that she had "arguments that could keep your client in the case and defeat summary judgment. But realistically, that is not my clients' goal." (*Id.* at 2) She explained that, "our goal is not to have protracted litigation with your client about potential fraud or anything else." (*Id.*) Instead, she wanted to maintain the "status quo - no filings or arguments or hearings just a couple of months" while she attempted mediation with Defendant DeBriyn[5] and sought a driveway permit.[6] (*Id.*) According to Attorney Coleman, her suggested course of action would "save money ultimately for all involved." (*Id.* at 2) In addition, if the Grossi Defendants filed a motion for summary judgment, it would "just cause significant expense" and if the Grossi Defendants were "patient for the moment all of that will be avoided." (*Id.* at 3)

On April 18, 2024, Bayfield County Circuit Court held the scheduling conference attended by the parties or their respective counsel. (State Court Docket, 6, ECF No. 1-4) At the hearing the state court asked about timing for the next status conference. (*Id.*) Plaintiffs' counsel stated they needed more time for "discovery" and requested the next hearing to be held in 90 days, conveniently putting the status conference in mid-July, and almost exactly a year from the date the case was originally commenced. (*See id.* ("Attorney Linda Coleman: Asks for more time for discovery - July.") Defendant DeBriyn and counsel for the Grossi Defendants, both looking to move things along, asked for the next hearing to occur sooner, and the court set the next status conference for June 24, 2024. (*Id.*)

---

[5] While Plaintiffs' counsel brought up mediation with Defendant DeBriyn in various emails to the Grossi Defendants, Attorney Coleman didn't bother to discuss this topic with Defendant DeBriyn until nearly a month later, after the April 18 hearing. (DeBriyn Decl., ¶ 5)

[6] Attorney Coleman also made it clear that she was not responsible for scheduling the upcoming hearing, stating, "[t]he court scheduled a status conference (I didn't seek one) which I expect will take 10 minutes and I intend, as described above, to ask for nothing to happen in the litigation while we await the results of the driveway permit application and possibly attempt mediation with Mr. DeBriyn only." (DeBriyn Decl., 2-3, Ex. E)

8

On April 30, 2024, Defendant DeBriyn sent formal discovery to the Grossi Defendants. (DeBriyn Decl., ¶ 6) The next day, in a letter emailed to Plaintiffs, the Grossi Defendants wrote, "Mr. DeBriyn has now in effect called your bluff … I have stalled him as best I can but I cannot tell him no." (DeBriyn Decl., 3, Ex. F) Counsel for the Grossi Defendants went on to state that his clients must be dismissed or he would file for summary judgment and sanctions pursuant to a safe harbor letter that he had sent previously. (*Id.*) The Grossi Defendants' counsel also confirmed that the existing agreement had been for the Grossi Defendants to "sit here for a short period of time until you will dismiss us in July when it works out on your end of things." (*Id.*) Counsel for the Grossi Defendants closed with, "I'm sorry that this has gotten to this point, but I always feared it would." (*Id.* at 4) Attorney Coleman was given until May 8 to decide. (*Id.*) On May 8, 2024, Attorney Coleman dismissed the Grossi Defendants with prejudice. (Grossi Defendants Dismissal, 132, ECF No. 1-2) Counsel for the Grossi Defendants emailed Attorney Coleman later that day: "Thx. Sorry it came to this." (DeBriyn Decl., 2, Ex. G)

Plaintiffs' counsel multiplied these proceedings unreasonably and vexatiously in violation of 28 U.S.C. § 1927 by failing to discontinue baseless litigation thereby causing the courts to unnecessarily open and close files, make unnecessary rulings, hold unnecessary hearings, and to delay these proceedings for no apparent reason other than to manipulate jurisdiction. The original trial date in this case, was set for October 28, 2024, but because of Plainitffs' counsels' gamesmanship, trial is now set for nearly a year later on September 8, 2025. (Prelim. Pretrial Conf. Order, 90, ECF No. 1-1; Prelim. Pretrial Conf. Order, 6, ECF No. 5) The amount of additional time and stress from an extra year of litigation cannot be overstated.

## ARGUMENT

I. Legal Standards

    A. Legal Standard for Sanctions under 28 U.S.C. § 1927

"Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The purpose of § 1927 is to "deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir.2005) (citations omitted). "Section 1927 clearly is punitive and thus must be construed strictly." *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984) (citation omitted).

"A lawyer's subjective bad faith is a sufficient, but not necessary, condition for § 1927 sanctions; objective bad faith is enough." *Matter of Lisse*, 921 F.3d 629, 641 (7th Cir. 2019). "Attorneys demonstrate objective bad faith when they pursue "a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Id.* (quoting *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1082 (7th Cir. 2018)); *see also Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 809 (7th Cir. 2003) ("Pressing a claim even after its emptiness became pellucid must be described as vexatious."). "Because trial judges are best positioned to detect bad faith litigation conduct, they possess broad discretion in exercising the § 1927 power." *Matter of Lisse*, 921 F.3d at 641.

Section 1927 imposes an ongoing duty to dismiss litigation after an attorney knows, or should have known, that a claim is no longer viable. *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006); *see also In re TCI, Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985) ("dogged pursuit of a colorable claim becomes actionable bad faith once the attorney learns (or

10

should have learned) that the claim is bound to fail."). That duty is triggered when review of information within counsel's possession would have shown that the claim was meritless. *See Fin. Inv. Co. (Bermuda) v. Geberit AG*, 165 F.3d 526, 533 (7th Cir. 1998). Section 1927 will cover behavior in the same case, even if conduct occurred in state court. *See Boyer v. BNSF Ry. Co.*, 832 F.3d 699, 701 (7th Cir. 2016).

### B. The Court's Inherent Authority

Federal courts also have "inherent authority to sanction [counsel] for willfully abusing the judicial process and/or pursuing a bad-faith litigation strategy." *Boyer* at 701–02. This inherent authority "extends to conduct that occurred before other tribunals." *Id*. at 702 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 57 (1991)). The inherent power may be applied "when the situation is grave enough to call for [sanctions] and the misconduct has somehow slipped between the cracks of the statutes and rules covering the usual situations." *Claiborne v. Wisdom*, 414 F.3d 715, 724 (7th Cir. 2005). "A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (quoting *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009)).

### II. Any Reasonable Attorney Would Have Recognized Their Error, Alerted the Court, and Dismissed Frivolous Claims

While Plaintiffs may have been simply negligent when they joined the Grossi Defendants and when they misstated the applicable limitations period to this Court, by January and while the motion to sever was still pending, Plaintiffs' counsel knew they had made a material misstatement of the law to this Court, but chose not to correct the record.

11

**A. Plaintiffs Materially Misstated the Law to the Court in Their Opposition to Defendant DeBriyn's Motion to Sever**

In Plaintiffs' opposition to Defendant DeBriyn's motion to sever, Plaintiffs argued at great length that their claims against the Grossi Defendants were timely, under Wis. Stats. § 100.18. Plaintiffs wrote:

> If Plaintiff is unable [sic] obtain a declaratory judgment that the easement is of sufficient width to construct a residence on this property, then **Plaintiff's only recourse is for monetary damages due to the misrepresentation or other omissions of the Additional Defendants.**
> …
> Bayfield County Circuit Court seeks to dispose of all civil actions between 180 and 360 days of filing of the summons and complaint. See, Bayfield County Circuit Court 10th Judicial District Local Court Rules, § 218. Thus, Plaintiff's intent was to have the dispute with Defendant DeBriyn resolved by early 2024.[3] **If the declaratory judgment in the initial action did not afford Plaintiff with the ability to construct the residence, there would still have been time to commence an action against the Additional Defendants for the claims raised in Plaintiff's Amended Complaint.** However, once this case was removed and the Court set a trial date of October 28, 2024, that trial date would not allow for sufficient time to reach a resolution of the declaratory judgment action prior to **having to commence a separate action for misrepresentation against the Additional Defendants.**
> …
> **If joinder is not allowed, Plaintiff will have to commence a separate action against the Additional Defendants prior to the final disposition of this case.** As noted earlier, it is likely that the Additional Defendants will also raise the defense that the easement does not prohibit Plaintiff from constructing a residence on the property. Thus, Defendant DeBriyn also will likely have to be involved, either as a party or as a witness, if a separate action is required with the Additional Defendants. As noted above, **if Plaintiff is required to wait until resolution of the current dispute with Defendant DeBriyn, Plaintiff may lose out on the opportunity to bring any claim at all against the Additional Defendants.**
> …
> [Fn 3] The statute of limitations for any action brought under **Wis. Stats. § 100.18 is three years**. Plaintiff's cause of action against the Additional Defendants accrued, at the earliest, on May 5, 2021, which would require **a claim under § 100.18** to be filed prior to the scheduled trial date in this matter.

(Plaintiffs' Memorandum in Opposition to Motion to Sever, 60 -62, ECF No. 1-2 (emphasis added))

In reality, Plaintiffs could not proceed against the Grossi Defendants because Plaintiffs' citation to the three-year statute of limitations under Wis. Stat. § 100.18 was in error. As RECH told Plaintiffs' counsel on January 9, 2024, only 2 days after being served, all claims against the Grossi Defendants were time-barred by Wis. Stat. § 452.142. Section 452.142 states:

> Notwithstanding s. **100.18**(11)(b)3., 893.43, 893.52, or 893.57, an action concerning **any act or omission** of a firm or any licensee associated with the firm relating to brokerage services **shall be commenced within 2 years** after whichever of the following that applies occurs first:
> (a) A transaction is completed or closed.
> (b) An agency agreement is terminated.
> (c) An unconsummated transaction is terminated or expires.

Wis. Stat. § 452.142 (emphasis added).

The statute is not complicated. All of Plaintiffs' claims against the Grossi Defendants were time-barred nearly 5 months before the Grossi Defendants were joined because they related to the Grossi Defendants' acts or omissions as a real estate firm or licensee in a transaction that closed on May 28, 2021. (*See* Amended Complaint, 98, 102-04, ECF No. 1-1) Under the plain language of the statute, § 452.142 was directly adverse to Plaintffs' position regarding their claims against the Grossi Defendants. Furthermore, Plaintiffs cited § 100.18 as the basis for the timeliness of their claims which is explicitly listed under § 452.142.

After Plaintiffs' counsel chose not to alert this Court, the Order appeared to rely on the Plaintiffs' legal assertion that their claims against the Grossi Defendants were not yet time-barred and that Plaintiffs held valid causes of action against the Grossi Defendants, where this Court stated:

> If the claims are severed, **the Dahls could still proceed with misrepresentation** and contract claims against the other defendants. But the Dahls would have to

13

litigate two cases that are both about the same harm (the inability to use their property as a residence), and **they could not determine their damages for any misrepresentation until the scope of the easement is determined**.

*Dahl v. DeBriyn*, No. 23-cv-552-JDP, Order (W.D. Wis. Feb. 5, 2024) (emphasis added). While Defendant DeBriyn cannot seek (and is not seeking) review of the Order, this Court's remand Order was premised on Plaintiffs' counsels' honest representation that the claims against the Grossi Defendants were timely based on the three-year limitations period in § 100.18. It seems likely that this Court would have found it relevant that § 100.18 was abrogated by § 452.142 as to real estate agents and real estate brokers. Furthermore, beyond being directly adverse to Plaintiffs' position, because the statute's plain language foreclosed any action based on "any act or omission," any reasonable attorney would recognize that the Grossi Defendants were completely immune from suit.

### B. By Failing to Disclose that Wis. Stat. § 452.142 Was Directly Adverse to Their Legal Assertions, Plaintiffs' Counsel Violated Their Duty of Candor to the Court

By not alerting this Court after Plaintiffs' counsel knew § 452.142 made their claims against the Grossi Defendants frivolous and their citation to § 100.18 was in error, Plaintiffs' counsel violated their duty of candor to this Court by failing to disclose controlling law that was directly adverse to the legal assertion they made to this Court. "[L]awyers owe a duty of candor to the tribunal." *Beam v. IPCO Corp.*, 838 F.2d 242, 249 (7th Cir. 1988) (directing Wisconsin counsel to review Wisconsin Supreme Court Rule 20:3.3). Wis. SCR 20:3.3(a) states that:

A lawyer shall not knowingly:

1. make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

14

> 2. fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or …

Plaintiffs' counsels' plausibly negligent misstatement of the law became a knowing violation of their duty of candor to this tribunal after the Grossi Defendants notified Plaintiffs' counsel of the effect of § 452.142. After being put on notice of their error, Plaintiffs' counsel should have taken appropriate action to immediately notify the Court while the motion to sever remained pending. "Counsel have a continuing duty to inform the Court of any development which may conceivably affect the outcome of the litigation." *Cleveland Hair Clinic, Inc. v. Puig*, 200 F.3d 1063, 1067–68 (7th Cir. 2000), *decision supplemented* (Feb. 4, 2000). Instead, Plaintiffs' counsel took no action to alert this Court (or Defendant DeBriyn) that § 452.142 was directly adverse to the position taken in their opposition brief and that all claims against the Grossi Defendants were time-barred. By staying silent, Plaintiffs' counsel allowed this Court to make an unreviewable ruling without full consideration of the correct statute. At a minimum, this caused extra work by all parties in this case and both the federal and state courts - all to manipulate jurisdiction.

**III. By Failing to Discontinue Their Frivolous Claims to Press a Tactical Advantage, Plaintiffs' Counsel Acted in Bad Faith to Unreasonably and Vexatiously Multiply These Proceedings in Violation of 28 U.S.C. § 1927**

By maintaining time-barred claims against the Grossi Defendants, Plaintiffs' counsel acted in objective bad faith. If this wasn't enough, Plaintiffs' counsel made it clear that they were knowingly pursuing these bad faith claims against the Grossi Defendants to cause delay in an effort to block Defendant DeBriyn's right to have this dispute heard in federal court.

A. **Plaintiffs' Counsel Acted with Objective Bad Faith By Proceeding with Frivolous Claims Against the Grossi Defendants**

"[A] lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law." *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985). Once Plaintiffs' counsel were aware that the claims against the Grossi Defendants were time-barred, Plaintiffs' counsels' behavior stopped being plausibly negligent. The Seventh Circuit does not tolerate the unprofessional behavior of "employing the ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist." *Fred A. Smith Lumber Co. v. Edidin,* 845 F.2d 750, 753 (7th Cir.1988) (citations omitted); *see also Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184–85 (7th Cir. 1992) ("cases in which this court has upheld section 1927 sanctions have involved situations in which counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders"). Here, Plaintiffs' counsel knew about dispositive adverse statutory authority that any reasonable attorney would recognize as making the claims against the Grossi Defendants frivolous. No matter Plainitffs' counsels' intentions, once Plaintiffs' counsel knew about the correct statute of repose, it was bad faith to continue to pursue the Grossi Defendants.

It is worth noting that while the plain language of § 452.142 is clear, in Plaintiffs' counsels' communications to the Grossi Defendants, Plaintiffs' counsel argued there was some basis for the survival of the claims against the Grossi Defendants despite § 452.142. For example, to support her position that she could defeat a dispositive motion from the Grossi Defendants, Attorney Coleman wrote to the Grossi Defendants claiming that, "[a]n action based on Fraud under Wis. Stat. 892.93 is not subject to the limitations of wis. Stat. 452.142," and later warned the Grossi Defendants that she could amend the complaint to support her position

16

(DeBriyn Decl., 2, Ex. E) Perhaps Attorney Coleman had a novel argument, but under the plain language of § 452.142, Defendant DeBriyn cannot see the path to support Attorney Coleman's threat.[7] A statute foreclosing claims based on "any act or omission" seems to make any argument to the contrary indefensible. Nevertheless, even if Plaintiffs' counsel could conjure a colorable basis for their continued claims against the Grossi Defendants, Plaintiffs' counsel made it clear that they were not interested in pursuing those claims against the Grossi Defendants and that continued litigation would end once the Grossi Defendants served their purpose to block removal.

### B. Plaintiffs' Counsel Acted with Subjective Bad Faith by Keeping the Grossi Defendants in this Case to Manipulate Jurisdiction

"Subjective bad faith or malice is important only when the suit is objectively colorable." *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985). "A lawyer who pursues a plausible claim because of the costs the suit will impose on the other side, instead of the potential recovery on the claim, is engaged in abuse of process." *Id.* While Plaintiffs' counsel may argue that they had good faith claims against the Grossi Defendants, Plaintiffs were not interested in actually pursuing those claims except to the extent it added delay and kept the Grossi Defendants in the case to prevent Defendant DeBriyn from removing this case for a second time.

The Grossi Defendants were caught up in Plaintiffs' game as (mostly) hapless participants as Plaintiffs' counsel pressured them to stay in the case with the threat of driving up litigation costs if they did more than sit idle until their presence served its purpose to destroy

---

[7] The Wisconsin Court of Appeals decided a case in September 2024 discussing whether § 452.142 barred third-party indemnification claims and agreed with the circuit court's finding that, "the clear language of [§] 452.142 is that the Wisconsin legislature intended that real estate professionals be free from all liability for acts and omissions while providing brokerage services two years after the closing." *Eddings v. Est. of Young*, 2024 WI App 60, ¶ 11, 13 N.W.3d 269, 273 ("We agree it is that simple.").

17

diversity. (DeBriyn Decl., 3, Ex. E (Attorney Coleman stated that the Grossi Defendants should not file motions because they would "just cause significant expense" and if the Grossi Defendants were "patient for the moment all of that will be avoided.")) Promising to dismiss the Grossi Defendants in exchange for delay was misconduct. *See, e.g. Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 836 (7th Cir. 2005) (when counsel "demanded $3000 to release a blatantly frivolous claim, the firm pursued a path that it should have known was improper; therefore, its conduct was objectively unreasonable and vexatious.") (citation omitted); *Phillips ex rel. Est. of Fullingim v. First Nat. Bank of Weatherford*, 258 F. Supp. 2d 501, 504-06 (N.D. Tex. 2002) (sanctioning Plaintiffs' counsel for, among other things, bad faith joinder of a non-diverse defendant for sole purpose of defeating diversity jurisdiction shown by letter promising to dismiss the non-diverse defendant once the deadline to remove had passed).

Because Plaintiffs' counsel persisted in keeping the Grossi Defendants in this case to cause delay in an attempt to prevent Defendant DeBriyn from removing this case to federal court for a second time, Plaintiffs' counsel knowingly multiplied the proceedings unreasonably and vexatiously. This behavior should not be tolerated by the courts. *See Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 8*, 802 F.2d 247, 255 (7th Cir. 1986) ("The rules, whether statutory or judge-made, designed to discourage groundless litigation are being and will continue to be enforced in this circuit to the hilt").

## CONCLUSION

Plaintiffs' counsel violated their duty of candor by failing to correct a material misstatement of the law directly adverse to their position and then doubled down to maintain an unearned tactical advantage. This conduct wasted the time and resources of opposing litigants

and the courts. This Court has statutory authority and its inherent authority to sanction this type of abuse of the legal system.

Defendant DeBriyn stresses that bringing a motion for sanctions is not taken lightly. Nevertheless, Defendant DeBriyn felt there was little choice. Misleading the Court, combined with the unabashed gamesmanship perpetrated by the Plaintiffs' counsel made this motion necessary to prevent future unnecessary consumption of party and judicial resources. *See In re TCI Ltd.*, 769 F.2d at 446 ("Suits are easy to file and hard to defend. Litigation gives lawyers opportunities to impose on their adversaries costs much greater than they impose on their own clients. The greater the disparity, the more litigation becomes a predatory instrument rather than a method of resolving honest disputes.").

WHEREFORE, Defendant, James DeBriyn, respectfully requests that this Court enter an order sanctioning Plaintiffs' counsel, order Plaintiffs' counsel to reimburse Defendant DeBriyn for the costs incurred, and wasted, in the first removal of this case in the amount of $405.00, and for such other relief as this Court may deems fair and equitable under the circumstances.

Dated this 9th day of May, 2025.

Respectfully submitted,

*/s/ James DeBriyn*
James DeBriyn
2955 E Hermosa Vista Dr.
Mesa, AZ 85213
715-558-6566
jdebriyn@gmail.com

19