UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

JEFFREY D. DAHL and KRISTIN L.
DAHL, as Co-Trustees of the Dahl Family
Revocable Trust, dated September 27, 2019,

                Plaintiffs,

           v.

JAMES DEBRIYN,

                Defendant.

Case No. 24-CV-336-jdp

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR SANCTIONS**

---

Plaintiffs Jeffrey D. Dahl and Kristin L. Dahl, as Co-Trustees of the Dahl Family

Revocable Trust, dated September 27, 2019 ("Plaintiffs" or "Dahls"), by their attorneys Reinhart

Boerner Van Deuren s.c., submits this response in opposition to the Defendant James DeBriyn's

("DeBriyn") Motion for Sanctions.

**INTRODUCTION**

Defendant DeBriyn improperly moves for a $405 sanction pursuant to 28 U.S.C. § 1927[1]

– which grants this Court authority to order sanctions against an attorney for conduct which

"multiples the proceedings in any case unreasonably and vexatiously" – and the Court's inherent

authority. DeBriyn argues that prior counsel for the Dahls, Linda Coleman and Max Lindsey

(collectively, "Prior Counsel"), materially and knowingly misstated the law in their brief opposing

---

[1] The full text of 28 U.S.C. § 1927 states "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

DeBriyn's motion to sever and failed to notify this court or correct the record regarding whether a fraud claim was barred by a two-year statute of repose. (ECF No. 31, at 1, 2.) DeBriyn is mistaken. Prior Counsel did not knowingly misstate the law relating to the statute of limitations and Prior Counsel had a good faith basis to believe that they could successfully argue that a two-year statute of repose did not apply. Prior Counsel's conduct in this case also did not prolong or complicate the litigation and is not the kind of conduct that would be considered sanctionable under either 28 U.S.C. § 1927 or the Court's inherent authority. DeBriyn's motion should be denied.

## PROCEURAL HISTORY

This dispute began with the Dahls filing their complaint against DeBriyn on July 19, 2023 in Bayfield County. (ECF No. 29 ¶ 75.) That complaint charged three counts against DeBriyn: (1) a declaratory judgment that the width of the contested easement was 33 feet, (2) interference with interest, and (3) punitive damages. On August 16, 2023, DeBriyn removed the case to the Western District of Wisconsin[2] on the basis of diversity jurisdiction. (ECF No. 29 ¶ 76.)

On October 20, 2023, the Dahls filed an Amended Complaint in that case on the deadline set in the preliminary pretrial conference. (ECF No. 29 ¶ 77.) The Amended Complaint kept the same three counts against DeBriyn and added five additional defendants, including the Dahl's former real estate agent John Grossi and his employer Real Estate Consultants of Hayward, Inc, who are Wisconsin residents. (ECF No. 1-1, at 97.) This Amended Complaint alleged three counts of fraudulent misrepresentation, and one breach of contract claim against these new defendants. (ECF No. 1-1, at 102-105.)

On October 27, 2024, DeBriyn filed a motion to sever the newly added defendants, arguing that he could not be joined with claims against the other nondiverse defendants pursuant to Federal

---

[2] This case was previously before this court under the caption 23-cv-552-jdp. (*See* ECF No. 1-1, at 57-59.)

Rule of Civil Procedure 20, or alternatively that the court should deny joinder under 28 U.S.C. § 1447(e) as it would destroy subject matter jurisdiction. (*See* ECF No. 1-2, at 18.) The Dahls submitted their response in opposition to DeBriyn's motion to sever on November 13, 2023, and DeBriyn filed his reply a week later on November 20, 2023. (ECF No. 1-2, at 13-25.)

Prior to any decision on the motion to sever, the Dahls filed the current operative pleading, the Second Amended Complaint, on December 1, 2023. (ECF No. 29 ¶ 77.) This Second Amended Complaint substituted in the Dahls for their Trust, removed the claim for punitive damages against DeBriyn, and added a negligent misrepresentation claim against the other defendants. (ECF No. 1-2, at 74-84.)

On February 5, 2024, this Court denied Defendant's motion to sever, finding that joinder was appropriate, and that it was in the interest of justice to allow all of the Dahl's claims to proceed in the same case. *See The Dahl Family Revocable Trust, dated September 19, 2023 v. James DeBriyn et. al.*, No. 23-cv-552-jdp (W.D. Wis. Feb. 2, 2018) (Opinion and Order). Further, because the additional defendants eliminated complete diversity between the parties, the Court remanded this case to back Bayfield County Circuit Court as Case No. 2023CV64. (ECF No. 29 ¶ 80.)

On May 8, 2024, the Dahls moved to voluntarily dismiss the nondiverse defendants with prejudice. (ECF No. 29 ¶ 81.) On May 16, 2024, the Dahls dismissed all remaining defendants other than DeBriyn, effectively dismissing Counts III-V of the Second Amended Complaint that were alleged solely against the now-dismissed defendants. (ECF No. 29 ¶ 82.)

After the Dahls voluntarily dismissed the other defendants, on May 21, 2024, DeBriyn removed this case for a second time to this Court on the basis of complete diversity between the parties. (ECF No. 29 ¶ 83.) Currently, the Second Amended Complaint asserts two counts against

DeBriyn: declaratory judgment (Count I) and intentional interference (Count II).[3] Both parties have filed respective motions for summary judgment. (*See* ECF Nos. 8, 9, 20, 21.)

**ARGUMENT**

Sanctions are unwarranted in this case as Prior Counsel did not act in bad faith or unreasonably or vexatiously multiply the proceedings by adding and later dismissing the additional nondiverse defendants in the First Amended Complaint. DeBriyn's claim that "Plaintiffs' counsel knew that they had made a material misstatement of law to this Court that was directly adverse to the legal position in their brief opposing Defendant DeBriyn's motion to sever" (*see* ECF No. 31, at 1) is not correct. Prior Counsel's good faith position that there was a viable claim for fraud against the nondiverse defendants was a reasonable one. And the "delay" that DeBriyn complains of – three and a half months in state court – is not the kind of unreasonable or vexatious conduct that would warrant the $405 sanction DeBriyn requests in his motion.

Section 1927 provides a court the discretion to sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" and require the attorney to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See* 28 U.S.C. § 1927; *Stockbridge-Munsee Comty. v. State*, No. 17-cv-249-jdp, 2018 WL 708389, at *4 (W.D. Wis. Feb. 2, 2018). Sanctions may be warranted "[i]f a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious. To put this a little differently, a lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law . . . ." *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985). Subjective bad faith on the part of an attorney may also support sanctions under § 1927. *Boyer v.*

---

[3] Plaintiffs have since asked for Count II to be dismissed. (*See* ECF No. 25.)

*BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir. 2016). Simple negligence by the attorney, however, is insufficient to warrant the imposition of sanctions on an attorney. *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013). Moreover, sanctions "are to be imposed sparingly, as they can 'have significant impact beyond the merits of the individual case.'" *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003).

In addition to § 1927, district courts have the inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991). This inherent power includes the capacity to sanction counsel for "willful disobedience of a court order" and "bad faith" conduct. *Id.* at 45-46 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258–59, (1975)). However, because these inherent powers are potent, they must be exercised with caution and restraint. *Id.* at 44.

This Court previously addressed the issue of awarding sanctions under 28 U.S.C. § 1927 in the context of statute of limitations in *Stockbridge-Munsee*, 2018 WL 708389. There, the Court addressed and subsequently granted defendants Ho-Chunk Casino, State of Wisconsin, and former Governor Scott Walker's motions for judgment on the pleadings on the grounds that the claims alleged by plaintiff Stockbridge-Munsee were barred under the statute of limitations. *Id.* at *1. Stockbridge-Munsee then sought leave to amend their complaint against those three defendants, which was met with a response in opposition by defendant Ho-Chunk and an accompanying motion for sanctions under § 1927. *Id.*

Ho-Chunk argued that Stockbridge-Munsee's counsel improperly changed litigation positions, repleaded dismissed claims, and pleaded claims that lacked evidentiary support. *Id.* at *4. The Court denied Ho-Chunk's motion for sanctions. *Id.* While noting the Court's disapproval of Stockbridge-Munsee "perpetually altering their line of argument as the moment suits them," the

Court found that the plaintiff's conduct did not "so significantly prolong or complicate the litigation," nor rise to a level of an "objectively unreasonable decision." *Id.*; *cf. Boyer*, 824 F.3d at 710-13 (awarding nearly $35,000 in sanctions where counsel unreasonably filed a duplicative lawsuit in a separate federal appellate district in a naked attempt to forum shop in an improper venue to relitigate failed claims which had the effect of significantly prolonging and complicating the litigation).

The circumstances here are nothing like *Boyer* nor do they present a borderline case anywhere close to *Stockbridge-Munsee* where counsel's "last ditch effort to save the case" that was of "questionable merit" did not warrant sanctions. *See Stockbridge-Munsee*, 2018 WL 708389 at *5. DeBriyn's sanctions motion is predicated on his contention that after briefing on the motion to sever was completed and before the Court's February 2, 2023 order denying the motion to sever, Prior Counsel received correspondence from Greg Grossi that "cited the applicable statute of limitations, which had expired, and properly concluded that all claims against RECH and Grossi were time-barred." (*See* ECF No. 31, at 4.) In other words, DeBriyn's sanctions motion is based solely on his contention that Plaintiffs' claims asserted against the nondiverse defendants were time-barred by a two-year statute of repose under Wisconsin Statutes section 452.142 and that Prior Counsel should have known this.[4] The evidence DeBriyn cites, however, does not support his motion for sanctions.

Prior Counsel did not act in an objectively unreasonable manner or in bad faith as they did not knowingly make a material misstatement of the law as it relates to the statute of limitations under Wisconsin Statutes section 452.142. Prior Counsel believed that the statute of repose set

---

[4] DeBriyn did not raise any potential statute of limitations issues during briefing on the motion to sever. (*See* ECF No. 1-2, at 15-25.)

forth in Wisconsin Statutes section 452.142 is subject to the discovery rule for tort actions as set forth in *Hansen v. A.H. Robins, Inc.* (adopting discovery rule for all tort actions other than those governed by a legislatively created discovery rule). 113 Wis. 2d 550, 560, 335 N.W.2d 578 (1983). This very argument is set forth in an email from Attorney Lindsey to counsel for one of the nondiverse defendants dated January 25, 2024. (*See* DeBriyn Decl. in Supp. of Mot. for Sanctions Ex. B, ECF No. 32-2.)

Prior Counsel also took the reasonable position that Wisconsin Statutes section 452.142 did not bar claims for fraud which, under Wisconsin Statutes section 893.93(1m)(b), has a three-year statute of limitation and is subject to the discovery rule. Wisconsin Statutes section 452.142(1) specifically outlines a number of statutes that are overridden by the two-year statute of repose: Wis. Stat. §§ 100.18(11)(b)3, 893.43, 893.52, 893.57. Wisconsin Statutes section 893.93(1m)(b) is not among those overridden by section 452.142(1). Here, Prior Counsel had a good faith belief that the conduct alleged regarding the nondiverse defendants could properly constitute fraud, which was outlined in a March 23, 2024 email to counsel for one of the nondiverse defendants. (*See* DeBriyn Decl. in Supp. of Mot. for Sanctions Ex. E, ECF No. 32-5 (Attorney Coleman stating that "I think there is some intentionality alleged on the part of your client that could constitute fraud, . . . . An action based on Fraud under Wis. Stat. 89[3].93 is not subject to the limitations of wis. Stat. 452.142").) Thus, the correspondence DeBriyn relies on in support of his motion reflects that Prior Counsel was proceeding not in ignorance of Wisconsin Statutes section 452.142 nor in disregard of that statute; rather, it was based upon Prior Counsel's good faith belief that there was a viable cause of action against the nondiverse defendants based on both the facts and the law.[5]

---

[5] DeBriyn cites *Eddings v. Estate of Young*, 2024 WI App 60, 414 Wis. 2d 88, 13 N.W.3d 269, which was decided on September 18, 2024, several months after the nondiverse defendants had been dismissed and this case was removed

Apart from Prior Counsel's good faith belief that there was a viable claim against the nondiverse defendants, sanctions are also unwarranted here because the remand to state court in February 2024 did not meaningfully prolong or complicate the litigation nor did it prevent the case from otherwise moving forward. In the brief three-month period this case was in state court, the parties engaged in written discovery. DeBriyn served Plaintiffs with interrogatories, requests to admit, and requests for documents during this three-month period, to which Plaintiffs responded on May 29, 2024. (ECF No. 11-14, at 18-19.) Plaintiffs ultimately chose not pursue the claims against the nondiverse defendants and voluntarily dismissed them in early May 2024. (*See* ECF No. 29 ¶¶ 81, 82.) Plaintiffs' voluntary dismissal of the added defendants was in large part due to the anticipated costs of litigating multiple claims against multiple defendants as well as the likelihood of defending against an early motion for summary judgment by the nondiverse defendants. (*See, e.g.*, DeBriyn Decl. in Supp. of Mot. for Sanctions Ex. E, ECF No. 32-5.) After Plaintiffs' dismissal of the nondiverse defendants, this case was quickly removed back to this Court on May 21, 2024.

DeBriyn also cites *Phillips ex rel. Estate of Fullingim v. First National Bank of Weatherford*, 258 F. Supp. 2d 501 (N.D. Tex. 2002), but the circumstances of that case provide a good illustration why sanctions are not appropriate here. In *Phillips*, the plaintiffs moved to remand the case following the defendant's second removal to federal court on the basis of diversity. The court denied plaintiff's remand motion for fraudulent joinder of a nondiverse defendant and ordered plaintiffs and their counsel to show cause why sanctions should not be awarded. In

---

back to federal court in May 2024. *Eddings* held that common law actions for indemnification and contribution against a relator or his/her firm did not usurp Wisconsin Statutes section 452.142's two-year statute of repose. *Id.* ¶ 27. *Eddings* did not address whether a claim of intentional fraud against a relator or his/her firm is subject to Wisconsin Statutes sections 452.142 or 893.93(1m)(b). Notwithstanding *Eddings*, Prior Counsel's conduct should be evaluated based on the facts and circumstances at the time.

response to the court's show cause order, plaintiff's counsel conceded that they sued a particular nondiverse defendant, Justice, for the sole purpose of destroying diversity. Plaintiffs' counsel admitted that plaintiffs had no viable claim to sue Justice in the first place. Plaintiffs' counsel also admitted that they made an agreement to dismiss plaintiffs' claims against Justice after the deadline for removal passed and further agreed to pay all of Justice's attorney's fees incurred in the suit. *See id.* at 506.[6] The court had no trouble concluding that sanctions for plaintiffs' counsel's bad-faith litigation conduct was appropriate. *See id.* ("[T]his is not an instance where the attorney believed in good faith, albeit incorrectly, that there was some reasonable, legal basis for joining an in-state defendant in the suit.").

Prior Counsel's conduct is nothing like those in *Phillips*. As discussed above, Prior Counsel had a good faith belief that the Dahls had a viable claim against the nondiverse defendants. While Prior Counsel hoped to keep the nondiverse defendants in the case, there was no agreement to dismiss Plaintiffs' claims or to cover any of the nondiverse attorneys' fees. In fact, the nondiverse defendants' counsel made clear in correspondence with Prior Counsel that they would file an early motion for summary judgment and seek fees. (*See* DeBriyn Decl. in Supp. of Mot. for Sanctions Ex. E, ECF No. 32-5.) Under these circumstances, a three-month period early in this litigation when the parties were in the process of sorting out the legal, procedural, and factual issues in the case and the forum where the dispute should be heard does not constitute the kind of conduct that would be considered sanctionable under § 1927 or the Court's inherent powers. *See, e.g.*, *In re TCI Ltd.*, 769 F.2d at 445 (noting that § 1927 "allows an award of fees only when an attorney 'multiplies the proceedings . . . unreasonably and vexatiously'" to "ensure that each party

---

[6] Plaintiffs' counsel also tried to hide evidence of their agreement with Justice during discovery under a bogus claim of attorney-client privilege. *See Phillips*, 258 F. Supp. 2d at 506-07.

really *does* bear the costs and does not foist expenses off on its adversaries"); *see also Boyer,* 832 F.3d at 702 (on rehearing, upholding sanctions against attorney "for willfully abusing the judicial process and/or pursuing a bad-faith litigation strategy by initiating this litigation in a patently inappropriate forum"); *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 794 (7th Cir. 2009) (upholding sanctions under the district court's inherent powers when the attorney intentionally leaked a sensitive document with an attorney's eyes-only designation to a reporter); *Secrease v. W. & S. Life Ins.* , 800 F.3d 397, 402 (7th Cir. 2015) (upholding sanctions under the court's inherent powers where the plaintiff falsified a mandatory arbitration clause in his employment contract and then lied about it to the court).

## CONCLUSION

For all of the foregoing reasons, the Dahls respectfully ask that this court deny DeBriyn's motion for sanctions.

Dated this 11th day of June, 2025.

/s/ James N. Law
James N. Law
WI State Bar ID No.: 1088047
jlaw@reinhartlaw.com
John Rejowski
WI State Bar ID No.: 1101411
jrejowski@reinhartlaw.com

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone:  414.298.1000
Facsimile:  414.298.8097

*Attorneys for Plaintiffs*
*Jeffrey D. Dahl And Kirstin L. Dahl, as Co-*
*Trustees of the Dahl Family Revocable Trust,*
*dated September 27, 2019*

53960907