UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

JEFFREY D. DAHL and KRISTIN L.
DAHL, as Co-Trustees of the Dahl Family
Revocable Trust, dated September 27, 2019,

      Plaintiffs,

  v.

JAMES DEBRIYN,

      Defendant.

Case No. 24-CV-336-jdp

**PLAINTIFFS' BRIEF IN SUPPORT OF PROPOSED ORDER
FOR DECLARATORY JUDGMENT**

  Plaintiffs Jeffrey D. Dahl and Kristin L. Dahl, as Co-Trustees of the Dahl Family Revocable Trust, dated September 27, 2019 ("Plaintiffs" or "Dahls"), by their attorneys, Reinhart Boerner Van Deuren s.c., hereby submits this brief in support of their proposed order for declaratory judgment regarding their easement rights for ingress and egress over property owned by the Defendant James DeBriyn ("DeBriyn"). The Dahls' proposed order for declaratory judgment will be filed simultaneously with this brief.

**ARGUMENT**

  Counsel for the Dahls made a good faith effort to negotiate a joint proposed order for declaratory judgment with DeBriyn, but the parties were unable to reach agreement. (*See* J. Law Decl. Ex. A.) The Dahls believe their proposed order best reflects the Court's July 18, 2025 summary judgment decision and is consistent with Wisconsin easement law. For the reasons explained below, and the reasons more fully set forth in the Dahls' response to DeBriyn's motion

for reconsideration (ECF No. 39), the Dahls respectfully request that the Court enter their proposed order for declaratory judgment.

I.  **The Dahls' Proposed Order for Declaratory Judgment Accurately Reflects the Court's July 18 Summary Judgment Decision.**

In its July 18, 2025 Opinion and Order, this Court concluded, based on the undisputed facts, that "widening the [Dahls'] driveway is reasonably necessary for the Dahls to enjoy their access easement and does not unreasonably burden DeBriyn's property." (ECF No. 37, at 15.) Accordingly, this Court held that the Dahls may widen their driveway to meet the minimum width requirements of the Town of Cable's ordinance that regulates private roads and driveways. (*Id.* at 15-17.)

The Dahls' proposed order for declaratory judgment properly reflects this Court's decision. As this Court knows, the Dahls' ingress and egress driveway easement is governed by Town of Cable Ordinance 26A-Amended 2023 and consists of two portions as defined under that ordinance: the private road portion (shared by both the Dahls and DeBriyn), and the private driveway portion (used by the Dahls alone). (*See* ECF No. 28 at 6.) The Dahls' proposed order for declaratory judgment specifically outlines the *minimum* requirements necessary for the respective private road and private driveway portions of the Dahls' easement, consistent with the Town's ordinance. These minimum requirements of the ordinance include, for instance, minimum width of the travel surface, clearances, and gravel paving.[1]

Further, the proposed order states that the Dahls, and any subsequent easement holders, may make changes and improvements that are reasonably necessary to meet these minimum

---

[1] Hoping to avoid further disputes with DeBriyn, the Dahls are no longer seeking a declaration that they may pave their easement even though Wisconsin law generally allows an easement holder to pave an ingress and egress easement. *See Eilau v. Roff*, 2022 WI App 57, ¶ 38, 983 N.W.2d 218 ("[A]an easement for ingress and egress generally allows the dominant estate the ability to pave a road."). But the Dahls do seek a declaration that they may install a gravel driveway to comply with the Town of Cable's driveway ordinance.

2

requirements, but no more. The proposed order also expressly states that the Dahls, and any subsequent easement holders, will be responsible for the costs of any changes, improvements, repairs, or maintenance they make to the easement consistent with Wisconsin law. *See, e.g., Shanak v. City of Waupaca*, 185 Wis. 2d 568, 586 (Ct. App. 1994).

This straightforward proposed order for declaratory judgment accurately reflects the holding of this Court and is in line with Wisconsin law. Further, it provides the necessary clarity for all current and future parties about the width of the easement and the rights of the easement holder, while also ensuring that no undue burden is imposed on DeBriyn's property. For these reasons, the Dahls respectfully request that this Court enter their proposed order for declaratory judgment.

**II.    DeBriyn's Proposed Order for Declaratory Judgment is Egregiously Inconsistent with the Court's Summary Judgment Decision and Includes Several Provisions that Are Far Afield of the Court's Ruling.**

After conferring with DeBriyn about a joint proposed order, the Dahls anticipate that DeBriyn will include many provisions in his proposed declaratory judgment that are inconsistent with the Court's summary judgment decision, including requiring that the width of the entire easement be restricted to twelve feet, relocating the easement itself, awarding compensation to DeBriyn for a supposed "taking," and a statement that this Court modified the purpose of the Dahls' ingress and egress easement. (*See* J. Law Decl. Ex. A.) These provisions are inappropriate and inaccurately reflect what this Court held in its July 18 Opinion and Order.

**Modification & Relocation of the Easement:** DeBriyn will seek to include provisions in his proposed order that would support the arguments made in his motion for reconsideration that the Court applied the changed conditions doctrine and modified the Dahls' ingress and egress easement. This Court's ruling never modified the purpose of the Dahls' easement; the easement's

3

purpose has always been and remains ingress and egress to the Dahls' residential property. DeBriyn's proposed provisions regarding modification and the changed conditions doctrine are inappropriate for the reasons more fully set forth in the Dahls' response to DeBriyn's reconsideration motion. (*See* ECF No. 39.)

DeBriyn's proposed order also includes provisions concerning relocation of the easement. The Dahls, however, never sought to relocate the easement and the location of the easement was never in dispute. The Dahls only sought a declaration of their right to make necessary changes and improvements to their driveway easement to bring it into compliance with the Town of Cable's driveway ordinance and no more. Relocation of the easement was not an issue raised or considered by the Court in its decision.

**Compensation:** DeBriyn's proposed order also includes provisions characterizing the Court's decision as a "taking" and awards him $796,000 for a supposed diminution in value to DeBriyn's property. This goes far afield of what the Court actually decided based on the undisputed facts established in summary judgment briefing. Moreover, there is zero support for such an award. The Court's decision did not award DeBriyn any damages and DeBriyn never sought any damages in his pleadings or in the parties' summary judgment briefing. And there is no evidentiary or legal support whatsoever for the $796,000 DeBriyn now demands.

**Sanctions:** DeBriyn indicated during the parties' meet and confers that he would seek to include a provision concerning the Court's $405 sanction of counsel in case no. 23-cv-552-jdp. The Dahls do not believe such a provision is necessary as the Court's July 18 decision already ordered this. (*See* ECF No. 37, at 9, 17.) In addition, present counsel for the Dahls contacted Attorneys Coleman and Lindsey and they have confirmed they will pay DeBriyn the $405 without delay. And DeBriyn has communicated to counsel where that payment should be sent.

## CONCLUSION

For the above reasons, the Dahls respectfully request that this Court enter the Dahls proposed order for declaratory judgment filed simultaneously with this brief.

Dated this 8th day of August, 2025.

                                  /s/ James N. Law
                                  James N. Law
                                  WI State Bar ID No.: 1088047
                                  jlaw@reinhartlaw.com
                                  John Rejowski
                                  WI State Bar ID No.: 1101411
                                  jrejowski@reinhartlaw.com
                                  Reinhart Boerner Van Deuren s.c.
                                  1000 North Water Street, Suite 1700
                                  Milwaukee, WI 53202
                                  Telephone:  414.298.1000
                                  Facsimile:  414.298.8097

                                  *Attorneys for Plaintiffs*
                                  *Jeffrey D. Dahl and Kirstin L. Dahl, as Co-Trustees of the Dahl Family Revocable Trust, dated September 27, 2019*

54360233