UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

JEFFREY D. DAHL and KRISTIN L.
DAHL, as Co-Trustees of the Dahl Family
Revocable Trust, dated September 27, 2019,

        Plaintiff,

      v.

JAMES DEBRIYN,

        Defendant.

Case No. 24-CV-336-jdp

---

**[PLAINTIFFS' PROPOSED] ORDER FOR DECLARATORY JUDGMENT**

---

The Court, having issued an order dated July 18, 2025 (ECF No. 37) holding that Plaintiff Jeffrey D. Dahl and Kristin L. Dahl, as Co-Trustees of the Dahl Family Revocable Trust, dated September 27, 2019 (the "Dahls") is entitled to a declaratory judgment in their favor construing their easement rights for ingress and egress on property owned by Defendant James DeBriyn ("DeBriyn"), declares the following:

**IT IS HEREBY ADJUDGED AND ORDERED THAT**

1.      The Dahls own property in the Town of Cable, Bayfield County, Wisconsin together with an easement for ingress and egress that traverses neighboring property owned by DeBriyn.

2.      The legal description of the property owned and the easement held by the Dahls is contained in a warranty deed dated September 4, 1990, which states the following:

A parcel of land located in the NE 1/4–NE 1/4, Sec. 1–T43N–R8W, Town of Cable, Bayfield County, Wisconsin, bounded and described as follows:

Beginning at the NW corner of said NE 1/4–NE 1/4; thence S89°–47'–30"E along the North line of the Sec., 944.15 feet to a point 4 feet, more or less, from the water's

edge of Rosa Lake; thence S40°–14'–31"W along a meanderline, 291.68 feet; thence S1°–44'–30"W along a meanderline, 233.54 feet to a point 20 feet, more or less, from the water's edge of Rosa Lake; thence N89°–47'–30"W parallel with the North line of the Sec., 746.01 feet to the West line of the NE 1/4–NE 1/4; thence N0°–19'–37"W along said West line, 456.80 feet to the point of beginning. Including all lands lying between the above described meanderline and the water's edge of Rosa Lake. Excepting therefrom lands lying beneath the water of Little Rosa Lake. Subject to all easements and reservations of record.

Together with an easement for ingress and egress to the above property, described as follows:

Located in the E 1/2–NE 1/4, Sec. 1–T43N–R8W and in the W 1/2–NW 1/4, Sec. 6–T43N–R7W, Town of Cable, Bayfield County, Wisconsin, described as follows:

Commencing at the C 1/16 NE corner of said Sec. 1; thence N0°–19'–37"W, 136.09 feet to point "A" and the point of beginning; thence continuing N0°–19'–37"W, 660.04 feet to the SW corner of the Gosnell property; thence returning to point "A" and bearing S69°–39'–E, 101.57 feet; thence N44°–19'–E, 248.11 feet; thence N50°–06'E, 130.41 feet to point "B"; thence N9°–10'E, 286.05 feet; thence N28°–53'–30"E, 171.20 feet to a point on the South line of the Gosnell property; thence returning to point "B" and bearing S9°–10'W, 235.91 feet; thence S79°–13'E, 349.76 feet; thence N73°–49'E, 191.70 feet; thence S44°–37'E, 118.20 feet; thence N86°–00'E, 132.90 feet; thence N62°–30'E, 170.45 feet; thence S26°–57'E, 160.65 feet; thence S64°–23'E, 294.10 feet; thence S36°–31'E, 274.16 feet to the centerline of East Cable Lake Road and the end of this description.

(*See* ECF No. 23-2.)

3.      The easement described in Paragraph 2 (the "Ingress/Egress Easement") provides the Dahls, and any subsequent holder(s) of the Ingress/Egress Easement, the right make changes, improvements, maintenance, and repairs to the Ingress/Egress Easement that are reasonably necessary to comply with the minimum requirements of the Town of Cable's ordinances regulating private roads and private driveways, including Town of Cable Ordinance 26A (Amended 2023).

4.      The Dahls, and any subsequent holder(s) of the Ingress/Egress Easement, may make changes, improvements, maintenance, and repairs to the driveway that traverses the Ingress/Egress Easement on the DeBriyn property that are reasonably necessary to bring the Ingress/Egress Easement into compliance with the minimum requirements of the Town of Cable's

ordinances regulating private roads and private driveways, including Town of Cable Ordinance 26A (Amended 2023).

5.      Permissible changes and improvements to bring the private road[1] and private driveway[2] that traverses the Ingress/Egress Easement into compliance with the minimum requirements of Town of Cable Ordinance 26A (Amended 2023), §§ 1-10, include, without limitation, the following:

   a.   Changes and improvements that are reasonably necessary to widen the travel surface of the private driveway portion of the Ingress/Egress Easement to 12 feet and the travel surface of the private road portion of the Ingress/Egress Easement to 22 feet, consistent with Town of Cable Ordinance 26A (Amended 2023), § 5a.

   b.   Changes and improvements that are reasonably necessary to meet the minimum width clearance (area free of branches, wire, and other obstructions) of 24 feet for the private driveway portion of the Ingress/Egress Easement and 40 feet for the private road portion of the Ingress/Egress Easement, consistent with Town of Cable Ordinance 26A (Amended 2023), §§ 5b. and 5.A.

   c.   Changes and improvements that are reasonably necessary to meet the minimum height clearance (area free of branches, wire, and other obstructions) of 14 feet for the private driveway portion of the Ingress/Egress Easement and 18 feet for the private road portion of the Ingress/Egress Easement, consistent with Town of Cable Ordinance 26A (Amended 2023), §§ 5c. and 5.A.

---

[1] The portion of the Ingress/Egress Easement shared by both the Dahls and DeBriyn is considered a private road under Town of Cable Ordinance 26A (Amended 2023).

[2] The unshared portion of the Ingress/Egress Easement that provides ingress and egress to the Dahls' Property is considered a private driveway under Town of Cable Ordinance 26A (Amended 2023).

d.  Changes and improvements that are reasonably necessary to meet the requirements for where a private road intersects a public right of way consistent with Town of Cable Ordinance 26A (Amended 2023), §§ 5e. These improvements include having the private road portion of the Ingress/Egress Easement which is in the public right of way sloping away from the public right of way at a minimum of 1 % and a maximum of 5% to prevent/reduce erosion into the public right of way.

e.  Changes and improvements that are reasonably necessary to provide wider segments measuring at least 25 feet in length and 18 feet in width every 150 feet of the private driveway portion of the Ingress/Egress Easement, consistent with Town of Cable Ordinance 26A (Amended 2023), § 5f.

f.  Changes and improvements that are reasonably necessary to meet the minimum requirements of gravel covering an appropriate base material of the Ingress/Egress Easement, consistent with Town of Cable Ordinance 26A (Amended 2023), §§ 5g. and 5.A. These minimum requirements are 6 inches of gravel covering an appropriate base material for the private driveway portion of the Ingress/Egress Easement and 10 inches of gravel covering an appropriate base material for the private road portion of the Ingress/Egress Easement.

6.  The changes, improvements, maintenance, and repairs to the driveway that traverses the Ingress/Egress Easement on the DeBriyn property that are reasonably necessary to bring the Ingress/Egress Easement into compliance with the minimum requirements of the Town of Cable's ordinances related to ingress and egress easements, including, without limitation, changes and improvements that are incident and reasonably necessary to widen the driveway to comply with the travel surface and clearance requirements of Town of Cable Ordinance 26A

4

(Amended 2023), §§ 5.a, 5.b, 5.f, and 5.A., shall not constitute an undue burden on DeBriyn's property.

7.    Consistent with Wisconsin law, the Dahls, and any subsequent holder(s) of the Ingress/Egress Easement, shall be responsible for the costs associated with any changes, improvements, maintenance, or repairs that they make to the Ingress/Egress Easement.

**THIS CONSTITUTES THE FINAL JUDGMENT OF THE COURT.**

IT IS SO ORDERED this _____ day of _____, 2025.

_____
JAMES D. PETERSON
United States District Judge

5