# EXHIBIT A

| | |
|---|---|
| **From:** | James DeBriyn <jdebriyn@gmail.com> |
| **Sent:** | Friday, August 8, 2025 9:43 AM |
| **To:** | James N. Law |
| **Subject:** | Re: [EXTERNAL] Re: Motion for Reconsideration |

I will make that change.

Thank you.

On Fri, Aug 8, 2025 at 9:31 AM James N. Law <JLaw@reinhartlaw.com> wrote:

> Good morning James,
>
> I'm fine with what you've proposed for the stay subject to the following addition:
>
> "*In discussions with Plaintiffs' counsel regarding this judgment, Plaintiffs' counsel stated that they will not object or otherwise oppose a request for a stay of the judgment pending appeal should Defendant proceed with appeal, but Plaintiffs would not agree to put such a provision in the judgment. They believe Defendant should file an unopposed motion after Plaintiffs have had an opportunity to submit their bill of costs following entry of the final judgment. While Defendant is willing to file such a motion, since the parties appear to agree on that issue, it would be simpler, and avoid an unnecessary motion, if a stay were incorporated into the judgment.*"
>
> I'll contact Attorneys Coleman and Lindsey today about where to send the payment.
>
> Thanks so much,
>
> James
>
> **James N. Law**
>
> **O:** 414-298-8233
> JLaw@reinhartlaw.com | reinhartlaw.com | Bio | vCard

---

**From:** James DeBriyn <jdebriyn@gmail.com>
**Sent:** Thursday, August 7, 2025 10:40 PM
**To:** James N. Law <JLaw@reinhartlaw.com>

1

**Cc:** John Rejowski <JRejowski@reinhartlaw.com>
**Subject:** Re: [EXTERNAL] Re: Motion for Reconsideration

Attorney Law:

I agree that we may have to disagree. To that end, I do not see any material changes to your proposed judgment that would change my recommendation to the Court.

As for the stay, I will file the motion if you insist, but I would prefer to file the motion as unopposed, so please let me know your view on what would be most efficient for you. For transparency, I plan to advise the Court as follows:

> "*In discussions with Plaintiffs' counsel regarding this judgment, Plaintiffs' counsel stated that they will not object or otherwise oppose a request for a stay of the judgment pending appeal should Defendant proceed with appeal, but Plaintiffs would not agree to put such a provision in the judgment. They believe Defendant should file an unopposed motion. While Defendant is willing to file such a motion, since the parties appear to agree on that issue, it would be simpler, and avoid an unnecessary motion, if a stay were incorporated into the judgment*."

As for the sanctions payment. I do not expect Attorney Coleman to make any payment until after the judgment, but she can use my Wisconsin address of 45725 E Cable Lake Rd, Cable WI 54821, as I will be using that address for the next few weeks.

Coming back to the merits, and conceding that it has proven to be a winning argument so far, I don't see how you reconcile *Kosterman* (modifying written easements) with *In re Garza, or Hunter v. Keys* (changes in use within the easement). It appears that the Court had to include the changed circumstances doctrine (which if you are saying wasn't found under the *Restatement*, I don't know what the Court was referring to since only *Kosterman* considers it), to find jurisdiction to modify the Easement. Otherwise, which case allows unilateral modification of an easement?

Finally, the Court specifically stated it was using the changed circumstances doctrine to modify the Easement and not the intent of the parties. The cases discuss the intent of the parties which can be found in how they fixed an ambiguous terms of the Easement. If the Court modifies the Easement, it will need an alternate theory.

Notwithstanding my view of the law, and to your point, the Court has found a way to rule in your clients' favor, so here we are in uncharted legal territory.


Sincerely,

   -James DeBriyn

On Thu, Aug 7, 2025 at 2:12 PM James N. Law <JLaw@reinhartlaw.com> wrote:

Good afternoon James,

Thank you for sending your proposed redlines to our proposed order for judgment. We made a couple additional changes to our draft order after considering your proposed redlines. Regarding issues you raised below, we've stated our position and it's apparent that we'll have to agree to disagree.

Regarding the stay, our view is that a request for a stay is premature at this time. Normally, the court will order a stay on a Rule 62 motion after the judgment has already been entered and the automatic 30-day stay period expires. This gives the prevailing party an opportunity to seek taxation of costs. The request for stay would then seek to stay the judgment and any taxation of costs. Our intent is not to overcomplicate this, but simply to follow the normal procedure for stays, which are done by motion following the entry of judgment.

As for sanctions, again, we don't think it's necessary to include sanctions in the order for judgment; the court already ordered Attorneys Coleman and Lindsey to pay the $405 in the Court's summary judgment decision (*see* ECF No. 37 at 9). Attorneys Coleman and Lindsey, and my client, also will not appeal the Court's order for sanctions and Attorney Coleman and Lindsey are ready to pay you the $405 now. Please let us know how you would like that payment be made to you. Otherwise, we'll ask them to send you a check to your Arizona address that's listed on the court's docket.

On the remaining arguments you raised below, we fundamentally disagree that the Court committed any error of law or that the Court applied the changed conditions doctrine outlined in Restatement (Third) of Property: Servitudes §§ 4.8(3) or 7.10(2) that were discussed in the *Kosterman* case.

The Cout cited *Kosterman* for the general proposition that courts must safeguard property rights. It's clear that the Court never applied, much less even discussed, the two Restatement sections or the changed conditions doctrine addressed in *Kosterman*. Rather, it's clear from the Court's opinion that it applied long-established general principles of easement law in Wisconsin that an easement holder "may *make changes in the easement* for the purpose specified in the grant *as long as the changes are reasonably related to the easement holder's right* and do not unreasonably burden the servient estate. . . . [T]he grant of an easement for access and egress authorizes the easement holder to improve the roadway so as to facilitate access to his property, as long as the road improvements do not unreasonably burden the servient estate." *Hunter v. Keys*, 29 Wis. 2d 710, 715-16 (Ct. App. 1999) (emphasis added). This is a right implied in all easements under Wisconsin law. *See, e.g., In re Garza*, 2017 WI 35, ¶ 29, 374 Wis. 2d 555, 893 N.W.2d 1 ("We have long recognized that, implied in every easement . . . is the right of the [easement holder] to do what is reasonably necessary to enjoy the easement.").

3

Here, the easement held by the Dahls contains an unrestricted grant of an easement for ingress and egress. The Court's holding simply affirmed that the Dahls' ingress and egress easement rights include the implied right to make changes and improvements to the driveway that are reasonably necessary to comply with the Town of Cable's driveway ordinance. And the improvements to the driveway are directly related the Dahls' ingress and egress rights. The court also held that the changes that are reasonably necessary to bring the driveway in compliance with the driveway ordinance do not constitute an undue burden on your property. We believe our order for judgment appropriately reflects the Court's ruling.

Respectfully,

James

**James N. Law**

**O:** 414-298-8233
JLaw@reinhartlaw.com | reinhartlaw.com | Bio | vCard

---

**From:** James DeBriyn <jdebriyn@gmail.com>
**Sent:** Thursday, August 7, 2025 7:53 AM
**To:** James N. Law <JLaw@reinhartlaw.com>
**Cc:** John Rejowski <JRejowski@reinhartlaw.com>
**Subject:** Re: [EXTERNAL] Re: Motion for Reconsideration

Attorney Law:

I appreciate your views on this subject. I have attached a redline of your proposed judgment based on my understanding of the case (which I reserve the right to make further changes as we continue to discuss).

While I sense some frustration in your email, I want to stress that the Court's ruling is based on the changed conditions doctrine and neither of us would have briefed these issues because *Kosterman* explicitly rejected the changed conditions doctrine. Obviously, I think that was plain error, but it brings forth a multitude of new issues (many of which are discussed as reasons for rejecting the changed conditions doctrine in *Kosterman*) that neither of us could have reasonably anticipated. Personally, I think we need a hearing to either flesh-out these remaining issues, or better yet, to find a ruling that reasonably follows Wisconsin law so we can avoid all of this (including appeal).

Also, this is actually a much bigger issue now that the Court appears to be changing the law in Wisconsin. While I fully expect you to put forth arguments to save the Court's ruling, disregarding the original parties' intent in favor of a doctrine rejected by the Wisconsin Supreme Court is not just legal

error – this ruling may alter the rights of many thousands of property owners across the state. The Court has effectively sanctioned modifying any written easement based on balancing of equities. Worse, it will matter if they are litigating in state court versus federal court. For these reasons, I think it is imperative that the Court consider these issues and make sure its decision is properly articulated for review on appeal or otherwise.

To address your remaining concerns:

    1. **Stay.** While I appreciate that you will not object to a stay, I don't see why we can't jointly propose such a provision in the judgment rather than have me place another motion before the Court – especially when you do not object. If you insist that I draft an unnecessary motion, I may have no choice, but I don't understand how that is anything but wasteful of everyone's time. How do you suggest this will work? Do you want me to submit a draft motion to you and get your non-objection so that I can file it as an uncontested motion?

    2. **Sanctions.** The Court asked for a proposed judgment "consistent with this order." The sanctions motion is part of the order, so it should be plainly included. I appreciate that Attorney Coleman is willing to fulfil her obligations under the order, but she is not obligated to fulfill the judgment until the expiration of the automatic stay. Furthermore, she has the right to appeal.

    3. **Possible Encroachment if the Easement is Widened.** My recent email was not the first time you were made aware of possible encroachment depending on the width of the Easement, but you can see it plainly from the evidence you provided in your own motion for summary judgment. The Easement is very close to two property lines of non-parties. In addition, I mentioned this issue in my opposition, (*See* ECF No. 26, n. 21). Furthermore, you never pleaded for relief to widen the easement (although you did imply it) – only for a declaratory judgment that the easement already provided your client with that right. Note that the Court did not find that the Easement is already as wide as you wish, nor that the parties intended it to be widened. Furthermore, you never made a *prima facie* case for how the Court has jurisdiction to modify a written easement – instead, opting to rely on conclusory, unsupported statements. In that regard, the Court decided it could reform and modify the easement based on its own theory, *sua sponte*, but based on an obvious misreading of the law. In review of your arguments before the Court, you will see that you never provided a theory or legal citation in support of modifying an express easement (other than which is explicitly foreclosed by *Kosterman* – which you did not bother to attempt to distinguish). In the end, your confusion of the legal issues appears to have persuaded the Court into providing a ruling in your client's favor in direct conflict with Wisconsin law and for which there is no precedent to inform this judgment. Nevertheless, none of that excuses your neglect to determine whether this relief (which, of course, is plainly contrary to Wisconsin law) was even possible. The reality is that you should have obtained a survey to determine what was possible. Perhaps you didn't obtain a survey or otherwise check the property boundaries because you were as surprised as I was with the Court's ruling. On the other hand, maybe this is all bluster and there is plenty of room – who knows?

5

4. **Arguments for 2 Additional Feet.** Your MSJ and your opposition to my MSJ both affirmatively stated that your clients were only seeking an additional 2 feet over most of the easement. (Pls. MSJ, 20, ECF No. 21; see also Pls. Opp to Def. MSJ, 17, ECF No. 14) That now appears false. The Court has given your client a remedy in equity, but equity does not reward misrepresentations, and I believe your client should be held to these affirmative (mis)statements. The Court may disagree, but the Court specifically called out that there was disagreement in the briefing. While there was also disagreement on whether the road could be paved. Importantly, there was also much disagreement over the scope of the modifications to the easement's physical dimensions – which you affirmatively represented were only 2 additional feet over the majority of the easement.

5. **Compensation.** "When a servitude is modified or terminated under this section, a court may award compensation to the beneficiaries for damages they will suffer as a result of the modification or termination." *Restatement (Third) of Property (Servitudes)* § 7.10 (2000). I will plainly suffer damages resulting from the modification and expansion of the Easement. Also, while I can agree that the *Restatement* does not appear to contemplate damages to the servient owner, this is because the *Restatement* does not contemplate a remedy where the dominant owner may physically expand an easement. If I am wrong, find a case to the contrary. Furthermore, when would any party except the servient owner be compensated for a modification – which is clearly contemplated? The Court has chosen an uncharted path, not briefed by either party. So even if the *Restatement* represented the law in Wisconsin (which is does not), the Court appears to have *still* exceeded its jurisdiction. In that light, how can this be characterized any way other than as an unconstitutional taking? At minimum, takings must be compensated. Nevertheless, this was all rejected by the Wisconsin Supreme Court in *Kosterman* so we shouldn't be in this position in the first place. None of this was briefed by either party because *Kosterman* explicitly rejected the *Restatement*'s position and stated that courts do not have the authority to unilaterally modify easements. Had you argued that the changed conditions doctrine was your legal theory (and you still have never articulated any plausible legal theory for modification of the Easement), it would have been sanctionable due to *Kosterman* (yes, I see the irony given the Court's ruling).

6. ***Hunter v. Keys.*** You wrote that this issue is like *Hunter v. Keys*, but the easement in that case defined the width of the easement as 2 rods (33 feet) and no road existed. The dominant owner was allowed to build a road at the location described in the grant, and was required to stay within those physical dimensions. "Keys' two-rod easement over Hunter's property for access and egress gives Keys a permanent interest in a two-rod parcel for the purpose identified in the deed—access and egress ... The owner of an easement may make changes **in** the easement ... The wetlands are **within** the prescribed easement." *Hunter* concerns how the dominant owner may use the property within the physical dimensions of the easement – certainly not that the dominant owner can modify the width of the easement. To the extent the Court decided that *Hunter* allows physical expansion so long as the Court finds that the

6

additional taking is not a burden, I believe the Court plainly erred. That reading of Hunter would be in direct contrast to Kosterman.

7. **The Easement's Purpose.** The purpose of the easement is for ingress and egress – meaning access to the Dahl Property. No case holds differently. The Court agreed with your arguments that this purpose was for a "reason." This reason was, apparently, to guarantee access that the access complies with all future changes in development laws. To accurately build the record, the Court should explicitly acknowledge this modification to the purpose of the easement. Your objection to doing so is odd given that you explicitly invited this modification in your pleadings and MSJ.

Again, while I agree that there are many new issues that were not briefed, these issues were not rightly before the Court for briefing for three major reasons: (1) You did not ask the Court to modify the Easement; (2) You did not provide the Court with any legal authority to give the Court jurisdiction to modify the Easement; and critically (3) modification under the changed conditions doctrine is explicitly prohibited by *Kosterman*. For these reasons, it should be obvious that the parties would not have briefed on these issues. Sadly, since the Court appears to be drastically changing Wisconsin law, there are additional issues that should be addressed.

Sincerely,

-James DeBriyn


On Wed, Aug 6, 2025 at 12:20 PM James N. Law <JLaw@reinhartlaw.com> wrote:

Hello James,


Attached is a clean and redlined version of the proposed order for judgment. The redline version shows the changes we made to the initial draft we sent you on August 1.


Our proposed changes to the draft order for judgment are intended to address your concerns regarding the changes and improvements that the Dahls may make to the shared private road and the Dahl's private driveway that are reasonably necessary meet the minimum requirements of the Town of Cable Ordinance and no more. We also added a provision stating that the Dahls and any successor easement holder will be responsible for the costs of maintaining and repairing the easement, consistent with Wisconsin law. *See, e.g., Shanak v. City of Waupaca*, 185 Wis. 2d 568, 586 (Ct. App. 1994).


As to your other concerns raised in your August 4 email:

- As I said in my August 1 email, we will not object or oppose your request for a stay of the judgment pending appeal should you proceed with one; however, we believe that procedurally you still need to file a motion under FRCP 62. We do not believe it is appropriate to, nor are we willing to, put any specific provisions into the judgment relating to this request to stay.

- The sanction is separate from this declaratory judgment, so we see no reason it needs to be included in this order for judgment. Attorney Coleman has already indicated to us that she is ready to pay the $405 sanction. Please let us know how you would like her to proceed with the payment (i.e., check, ACH, Zelle, etc.), and we will ensure that the payment occurs promptly.

- Your August 4 email is the first time that we have ever heard any argument about potential encroachments of the easement on neighboring property owners or a possible relocation of the easement. We do not believe it's now appropriate to raise those potential issues (which appear to be speculative and premature at this point) in this judgment. The judgment should only reflect the ruling of the court based on the undisputed facts in the record.

- We completely disagree that we have made any misrepresentations to the court and are not willing to put in any language limiting the width of the entire easement to an additional 2 feet. Our motion for summary judgment clearly sought a declaration that "the Dahls may improve the Easement (at their cost) to comply with the Town of Cable's ordinance, including any improvements to the Easement reasonably necessary to comply with the Town of Cable's ordinance requirements regarding the width of the travel surface for private driveways and private roads as well as the ordinance's clearance requirements for private driveways and private roads." This judgment should reflect the minimum requirements to meet the Town of Cable ordinance regulating both private roads and private driveways, consistent with the Court's ruling.

- We do not agree that the Court's ruling can be characterized as a taking or condemnation, nor that you are entitled to any compensation. Once again, your August 4 email is the first time you have raised this argument. In addition, under Restatement (Third) of Property (Servitudes) § 7.10 (2000), you are not entitled to any compensation as *the Dahls* are the beneficiaries of the ingress/egress easement, not you. We are not willing to include any provisions regarding compensation into the judgment, which was never requested in your pleadings or in your summary judgment briefing. Nor has the Court made any ruling that you are entitled to any compensation concerning the easement.

Regarding your contention that our proposed order for judgment "renders the vast majority of my property subject to your client's whims," this is simply not true. The draft order for judgment is intended to make clear that the Dahls (and subsequent easement holders) may make improvements or changes only to the minimum extent reasonably necessary to meet the requirements of the Town of Cable's ordinance regulating private roads and driveways. Effectively, this constrains the changes and improvements the Dahls may make to their private driveway to 12 feet for a travel surface and 24 feet of clearance for the easement, subject to any

segments that may need to be wider to comply with Section 5f. And the changes and improvements to the shared private road portion of the easement will be limited to a 22 feet travel surface and 40 feet of clearance consistent with Sections 5a. and 5.A of the Town of Cable's Ordinance 26A (Amended 2023). Notably, this is comparable to the *Hunter v. Keys* case where the easement holder was only permitted to fill wetlands on the servient estate only to the extent the fill complied with applicable wetland regulations. *See Keys*, 229 Wis. 2d 710, 713 n.2 (Ct. App. 1999).

- We disagree that the Court modified in any way the purpose of the easement and will not agree to add any provisions in the order for judgment relating to the purpose of the easement other than for ingress and egress. The portion of the Court's decision you quote simply reflects that the ingress/egress easement gives the Dahl's residential property access to the public road. That has always been the purpose of the ingress/egress easement since its creation in 1989/1990.

Please let us know if you have any further concerns or changes to our proposed order for judgment. If you have any proposed changes to the draft order for judgment, we ask that you redline those proposed changes in the Word document.

Thanks so much,

James

**James N. Law**

**O:** 414-298-8233
JLaw@reinhartlaw.com | reinhartlaw.com | Bio | vCard

---

**From:** James DeBriyn <jdebriyn@gmail.com>
**Sent:** Monday, August 4, 2025 10:03 PM
**To:** James N. Law <JLaw@reinhartlaw.com>
**Cc:** John Rejowski <JRejowski@reinhartlaw.com>
**Subject:** Re: [EXTERNAL] Re: Motion for Reconsideration

Attorney Law:

Thank you for providing your proposed judgement in this matter. As you might imagine, I have some concerns with the way you have drafted it. I will outline those concerns below. I also wanted to confirm the language regarding the stay. While I understand your clients' appreciation for this opinion, as I am sure you saw, and I highlighted in my motion for reconsideration, the court described much of the law of easements backwards and in direct conflict with the common law and the holdings of every

Wisconsin case to address these issues. You should also be able to see how this ruling is likely to have far more reaching consequences than just the easement at issue in this case and why an appeal may be necessary. I was hoping that it wouldn't come to that, but here we are.

Also, thank you for being willing to agree to a stay of the judgment as it relates to modifying the Easement pending appeal. That should help avoid otherwise unnecessary motion practice. To that end, I would like to state in the proposed judgment that, "The judgment of the Court related to the Easement shall be stayed such that Plaintiffs may not modify the location or physical dimensions of the Easement through appeal taken in this case, if any."

As to the portions where I think we may have disagreement or that may have been left out of the proposed judgment:

1. Your proposed judgment does not include anything related to the sanctions motion. I would propose:

    Within 60 days from the date of this judgment, counsel for Plaintiffs in case no. 23-cv-552-jdp (Linda Coleman and Max Lindsey, jointly and severally) shall pay $405 to James DeBriyn as a sanction for intentionally failing to disclose law directly adverse to the position they argued before this Court.

2. Your proposed judgment does not consider the fact that I do not own enough property to accommodate the proposed changes to the Easement, and certainly not without considerable relocation of the Easement. I think you will see from the aerial imagery that the Easement runs very close to the property line of two adjacent owners. I do not see how we can determine how much property your client can destroy without determining how much of that property I own. Also, any judgment should properly state the metes and bounds describing where it is being relocated. It would be a shame to have a specifically described location that is exchanged for an easement whose location cannot be determined.

3. It would be inequitable for you to argue in your MSJ that your clients were only seeking condemnation of 2 additional feet over the majority of the Easement, then demand far more in the judgment. Even the Court only described this taking as a "few feet of trees." I believe the Court should hold you to your argument. In that scenario, the judgment would state:

> Plaintiffs, and any subsequent holder(s) of the Easement, may use up to an additional two feet from the centerline of the existing Easement, not to extend beyond the DeBriyn Property. Therefore, the Easement will have a width of 12 feet.

4. Assuming you are allowed to have everything you want despite your misrepresentations to the Court, your proposed judgment does not actually do what the Court has asked. Namely, the Court asked for the parties to describe the minimum necessary to comply with the town's ordinance. You have merely referenced the sections in that ordinance, not described the minimum necessary. In that scenario, the judgment would state:

> Plaintiffs, and any subsequent holder(s) of the Easement, may use up to an additional 14 feet of Defendant's land from the public road to the point the Easement turns West from the road leading to Defendant's structures (the "First Part") for a 24 foot wide and 10 inch gravel road surface as measured from the present centerline of the Easement. Over the remainder of the Easement (the "Second Part"), Plaintiffs may use an additional 2 feet of Defendant's land for a 12 foot wide and 6 inch gravel road surface as measured from the present centerline of the Easement. Over the First Part, Plaintiffs shall have the right to clear 50 feet of along the centerline of the Easement and along the Second Part, Plaintiffs shall have the right to clear 24 feet along the centerline of the Easement. The Easement shall have a minimum height clearance of 18 feet for the First Part and 14 feet for the Second Part. The Easement shall have wider segments every 150 feet that are 25 feet long and 18 feet wide.

> The Easement may be relocated such that at the location where the Easement intersects the public road, the Easement shall intersect the road perpendicular to the public road; slope away from the public road at a minimum of 1% and a maximum of 5%; and the Easement shall have visibility of 500 feet in either direction. The Easement shall be relocated so all curves maintain visibility of 500 feet over the First Part and 250 feet over the Second Part.

5. You did not address compensation for this taking. Under the changed circumstances doctrine, I am entitled to damages from this taking. *See* Restatement (Third) of Property (Servitudes) § 7.10 (2000) ("When a servitude is modified or terminated under this section, a court may award compensation to the beneficiaries for damages they will suffer as a result of the modification or termination."). We already know, from the jurisdictional amount, that this

modification will increase your client's property value by at least $89,000, so that should be the absolute minimum compensation if the modified Easement is given the defined dimensions your clients are seeking.

With the unprecedented amount of flexibility your proposed judgement would entail, it renders the vast majority of my property subject to your client's whims, and therefore useless to me (except for the privilege of paying the taxes).  Because I will no longer have any benefit over the portion of my property encumbered by an unbound Easement, the loss to me in land area is approximately four times the amount of land area belonging to your clients. Since their land represents a reasonable comparable of value, and their purchase was for $199,000 (See ¶ 19, ECF No. 1), this taking would represent a loss to me of approximately $796,000. It may even be a little higher given that the unusable portion of my property has much more water frontage.

6.   The Court also clearly modified the purpose of the Easement. Specifically, the Court found that "The Dahl's parcel is zoned for residential use and neither side asserts that it has any purpose other than as a residential property" and "[a]n ingress and egress easement implies ingress and egress for a reason." The Court used this modified purpose to justify physical expansion of the Easement. For this reason, the judgment should properly reflect that the Court is modifying the purpose of the Easement by finding a new primary purpose. I propose the following conclusion of law is necessary:

> The purpose of the Easement shall be modified so that the new purpose is to guarantee access to the dominant property so the dominant property may be used as a residence.

7.   Your proposed judgment did not discuss construction, maintenance, or repair of the Easement. As you argued to the Court, your clients should be responsible for any construction costs and for repair and maintenance. I propose:

> Plaintiffs may expand and improve the Easement as described in this judgment and Defendant or his successors in interest shall have no obligation to pay for such expansions and improvements.

> Plaintiffs and their successors in interest must maintain and repair the Easement using a dirt or gravel surface as they deem reasonably necessary to maintain the Easement and Defendant or his successors in interest shall have no obligation to repair or maintain the Easement.

Let me know how you propose we move forward.

-James DeBriyn

On Fri, Aug 1, 2025 at 3:00 PM James N. Law <JLaw@reinhartlaw.com> wrote:

> Hello James,
>
> Attached is a draft proposed order for judgment, which we believe appropriately reflects the court's summary judgment decision. Please note that the Dahls have no plans to install a paved driveway; they only want to install a gravel driveway to comply with the Town of Cable's driveway ordinance. Please let us know if you have any concerns or proposed changes to this draft order for judgment. We are glad to discuss further next week as well.
>
> I understand you are considering an appeal of the court's decision. We disagree that there would be any irreparable harm absent a stay, particularly given the Court's ruling that improving the driveway easement to comply with the Town of Cable's driveway ordinance would not constitute an undue burden. Notwithstanding our disagreement, the Dahls will not object or oppose your request for a stay of the judgment pending appeal should you proceed with one.
>
> **James N. Law**
>
> **O:** 414-298-8233
> JLaw@reinhartlaw.com | reinhartlaw.com | Bio | vCard
>
> ---
>
> **From:** James DeBriyn <jdebriyn@gmail.com>
> **Sent:** Friday, July 25, 2025 12:35 PM
> **To:** John Rejowski <JRejowski@reinhartlaw.com>
> **Cc:** James N. Law <JLaw@reinhartlaw.com>
> **Subject:** [EXTERNAL] Re: Motion for Reconsideration

13

Thanks John. I have no opposition to a two-day extension. Also, I look forward to review of your proposed judgement.

Assuming the court keeps it's current position, I think I have no choice except to appeal. Would your client be amenable to a joint stay of the judgement pending appeal? Given the value of maintaining the status quo and the irreparable harm of destroying my property absent a stay, a stay seems reasonable and a stipulation would save unnecessary motion practice.

On Fri, Jul 25, 2025, 12:30 PM John Rejowski <JRejowski@reinhartlaw.com> wrote:

Good Afternoon James,

We did receive your motion for reconsideration and saw that Judge Peterson set a response deadline of this upcoming Wednesday, July 30. My colleague James Law has been out of the state on vacation for this entire week. Given this, would you be opposed to a two-day extension for our response to Friday, August 1?

Additionally, the court had set August 8th as a deadline for submitting a joint proposed judgment or alternative proposals. We still plan on sending over a draft of the proposed judgment to you for your review sometime next week.

Thanks, and hope you have a great weekend.

**John Rejowski**

Reinhart Boerner Van Deuren sc
1000 North Water Street, Suite 1700, Milwaukee, WI 53202

**O:** 414-298-8554
JRejowski@reinhartlaw.com | reinhartlaw.com | Bio | vCard



This e-mail and any attachments may contain privileged or confidential information. This e-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this e-mail, you are hereby notified that any copying, distribution, dissemination or action taken in relation to the contents of this e-mail and any of its attachments is strictly prohibited and may be unlawful. If you have received this e-mail in error, please notify the sender immediately and permanently delete the original e-mail and destroy any copies or

printouts of this e-mail as well as any attachments. To the extent representations are made herein concerning matters of a client of the firm, be advised that such representations are not those of the client and do not purport to bind them. This communication is not intended to constitute an electronic signature unless expressly stated otherwise.