IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JEFFREY D. DAHL AND KRISTIN L. DAHL, AS CO-TRUSTEES OF THE DAHL FAMILY REVOCABLE TRUST, DATED SEPTEMBER 27, 2019, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES DEBRIYN, <br><br> Defendant. | Case No: 3:24-cv-336-jdp <br><br><br> **DEFENDANT'S BRIEF IN SUPPORT OF PROPOSED JUDGMENT** |

The Court has instructed the parties to submit a joint proposed judgment consistent with its Opinion and Order, dated July 18, 2025, ECF No. 37 (the Court's "Order" or "Opinion"). Shortly thereafter, Defendant filed a motion to reconsider the Court's Opinion as Defendant respectfully believes the Court has materially misstated Wisconsin law regarding the purpose and modification of express easements. (ECF No. 38) While the parties have worked together in an effort to present a joint proposed judgment, we have been unable to come to such an agreement. Because of this disagreement on the remaining legal questions, Defendant requests a hearing to address the issues raised in this proposed judgment and the motion for reconsideration. While Defendant will endeavor to keep this brief short, and tied to the proposed judgment, the two issues are inextricably linked.

As a threshold matter, Defendant continues to believe that Wisconsin law does not permit courts to unilaterally modify written easements and a judgment modifying the Easement based on the changed circumstances doctrine would therefore exceed the Court's jurisdiction. In

1

addition, although the Court wrote that "[t]he parties agree that the terms of the deed itself are ambiguous on the question of widening the easement," (*See* Opinion, 10, ECF No. 37) Defendant wishes to clarify that he only agrees that the deed itself was ambiguous as to the intended width of the easement, not modification. Under Wisconsin law, the default rule is that written easements are not subject to unilateral modification and deeds are not ambiguous for failure to include a provision in the deed to prevent unilateral modification. *AKG Real Est., LLC v. Kosterman*, 2006 WI 106, ¶ 34, 717 N.W.2d 835, 846 ("parties need not include a provision in an express easement to prevent unilateral modification or relocation").[1] Tellingly, Plaintiffs did not brief the Court on any theory that would give the Court jurisdiction to actually modify the Easement.[2] Instead, Plaintiffs' arguments were that the Easement was already a certain width or that the parties intended for it to be widened to accommodate future changes in real estate development laws. Together with the reasons stated in Defendant's motion for reconsideration, this brief should not be construed as a concession that Plaintiffs are entitled to modify the Easement. Defendant also reserves his right to appeal the Order and the final judgment issued by the Court.

Defendant would also like to stress that proposing a judgment consistent with the Court's Opinion is difficult without guiding legal principles or cases to understand how modification of a written easement should be structured. Namely, it appears the Court is not only modifying the

---

[1] "Absent any mention of modification or relocation in the instrument creating an easement, the rule is that the owner of the servient estate cannot unilaterally modify an express easement." *Id.* (citing two cases in which the dominant owner was attempting to modify an express easement).

[2] Justice Bradley's concurrence in *Kosterman* states that impossibility or cessation of purpose may be two such theories. *Id.* ¶ 57 (Bradley, J., concurring) ("an express easement granted 'for purposes of ingress and egress,'" where it can still be used for that purpose "does not involve the concepts of impossibility or cessation of purpose.") Justice Bradley also listed "consent, abandonment, unity of ownership," none of which were argued by Plaintiffs and plainly not applicable in this case. *Id.* ¶ 59.

2

physical dimensions of the Easement, but potentially modifying the location, and stated purpose of the Easement as well. Because this appears to be the first case in Wisconsin history to allow a dominant owner of an express easement to unilaterally expand the physical size of an easement, there are additional issues that deserve attention. Each of these issues will be discussed as briefly as possible. Defendant will then propose a judgment consistent with the Court's Order as best as Defendant can determine.

### A. Legal Principles Governing Judgments to Modify Express Easements

Modification of a written easement is a novel subject because "the general rule [is] that express easements cannot be unilaterally modified," *Kosterman*, ¶ 39. Wisconsin law does not provide guiding legal principles to inform the remedy called for in this judgment.[3] Under Wisconsin law, the remedy when the dominant owner wishes to unilaterally expand the physical dimensions of an easement is to ask the town to use its statutory power to make the easement into a town road.[4] Because Wisconsin law does not provide its courts with equitable power to unilaterally modify express easements, the only place we can turn to for guidance is the *Restatement (Third) of Property: Servitudes* § 7.10 discussing the changed conditions doctrine.

---

[3] Plaintiffs' cause of action in this case is for a declaratory judgment. While it is clear that Plaintiffs do not like their rights under the Easement, they did not provide any legal argument in support of modification or attempt to distinguish *Kosterman*. "We are not persuaded that the policy arguments are sufficiently compelling to justify overturning more than a century of precedent and upsetting the settled expectations of thousands of easement holders." *Id.* ¶ 39.

[4] *See Guse v. Flohr*, 195 Wis. 139, 217 N.W. 730, 733 (Wis. 1928) ("The [dominant owners] cannot diverge from the way as described in the instrument creating it, or change its location, merely because their needs are different to–day than they were 75 years ago, when the easement was created … the [servient owner] is not obliged to give his consent [to widen and improve the easement]"). "There can be no balancing of equities in this case. It is quite apparent that the [dominant owners] have proceeded upon a wrong theory of the case. Their remedy is to ask the town authorities to lay out and establish the highway as the same is now fenced and maintained." *Id.; see also* Wis. Stat. § 82.27 (the present statute providing the same remedy).

*But see, Kosterman* ¶¶ 30-39. (discussing and then rejecting adoption of the changed conditions doctrine). Nevertheless, even the *Restatement* fails to give meaningful guidance. For example, in the comments to § 7.10, and the cases cited therein, there is not a single example where an easement was physically enlarged or where the court supplemented the purpose of an easement. *See Restatement (Third) of Property Servitudes* § 7.10.

As it relates to informing this judgment, Defendant has not found a single case in Wisconsin that has increased the width of an express easement due to changed conditions or as a result of any other doctrine. Because it appears that the Court's Opinion represents a fundamental departure from Wisconsin law, Defendant believes it is imperative for the Court to provide additional guidance in its judgment to give the parties in this case (and all others affected by this apparent change) some relief from the inevitable uncertainty that will follow. For example, as a result of the Court's Opinion, it appears that every property owner affected by a written easement across the state now faces uncertainty as to whether the courts will honor or modify their written easements. In addition, by adopting the changed conditions doctrine and determining that the Court has the jurisdiction to modify the location, dimensions, and purpose of an easement, and also finding that enveloping additional lands is not a burden on the servient estate, this Court will create a split between the law in Wisconsin state courts and the law in federal courts.

Respectfully, the Court should be cautious about the precedent the Court's Opinion sets and give the parties in this case, and the inevitable future cases, explicit guidance on how the Court will apply the changed conditions doctrine to modify express easements.

4

### B. Widening and Relocating the Easement as a Practical Matter

Ostensibly, the Court's judgment modifying the Easement should only be applicable to Defendant's property, but there are portions of the Easement that are very close to Defendant's property line and Plaintiffs' proposed expansion would almost certainly extend beyond Defendant's property. (*See* Map in Opinion, 2, ECF No. 37) For this reason, the Easement may also require relocation in addition widening to ensure the modified easement stays within Defendant's property.[5] The town ordinance also has requirements governing curves that may require substantial relocation. This illustrates a new problem with balancing equities in this case - the act of widening the Easement likely calls the location into question - even though the parties in this case never disputed the location of the Easement and the location is described in the deed by metes and bounds. *See Werkowski v. Waterford Homes, Inc.*, 30 Wis. 2d 410, 417, 141 N.W.2d 306, 310 (Wis. 1966) (explaining that a court in equity may modify the location of an easement **if the original parties cannot agree on a location**) (emphasis added); *see also Kosterman*, ¶ 33 (explaining that the minority of jurisdictions that do follow the changed conditions doctrine do not allow relocation of an easement described by metes and bounds); *see also Washington Metro. Area Transit Auth. v. Georgetown Univ.*, 347 F.3d 941, 949 (D.C. Cir. 2003) (struggling with the issue of width versus relocation and concluding, "to set the width of a road is to locate it, and changing the width of a road changes its location").

If the Court finds that relocation is necessary and that the Court has jurisdiction to relocate the Easement, Plaintiffs should be directed to obtain a survey of the existing Easement

---

[5] Defendant noted this concern in his opposition to Plaintiffs' motion for summary judgment, but because the default rule as described in *Kosterman* is that express easements may not be modified, and Plaintiffs failed to develop any *prima facie* theory to depart from the default rule, there was no reason to explore this question at that time. (*See* Def. Opp., n.21, ECF No. 26) Again, Plaintiffs were only seeking a declaratory judgment in this case. While the Court has authority to grant additional relief, and the Court granted additional relief, the Court's reasoning could not have been anticipated by the parties.

and the property boundaries to determine where widening of the Easement within Defendant's property may be actually accomplished, and then also modify the metes and bounds of the Easement to restore certainty in the Easement's location.

### C. Ensuring Future Certainty for Property Owners in Wisconsin

The Court's Opinion is premised on the legal determination that written easements in Wisconsin are subject to modification by courts when reasonably necessary to accommodate changed circumstances. (*See* Opinion, 14, ECF No. 37) This ruling will also affect the rights of many other property owners across the state and additional clarity is important.

Following the Court's Opinion, Wisconsin property owners may no longer have certainty in the physical scope, location, or purpose of easements affecting their property. Here, the modification is based on the requirements of the town ordinance, so it would seem that every time that ordinance is amended, the parties' property rights will change - and the ordinance has already been amended since Plaintiffs purchased their property. How should future changes continue to modify the legal rights of the parties? Can a written easement ever be fixed and permanent? May Plaintiffs continue to widen and relocate the Easement as they see fit? Does that determination depend on how Defendant is utilizing the land at that time? Must defendant erect permanent structures at the boundaries of the Easement to prevent future takings or would Defendant be required to demolish such structures if reasonably necessary to Plaintiffs? If Plaintiffs fail to utilize the land they have been given domain over, or if the town changes its ordinances, may Defendant return to court to have the Easement modified again and regain control of the land that was enveloped in this case? These are important questions left open by

6

the Court's Opinion that will affect these parties, and all other property owners affected by written easements throughout the state.

### D. The Court's Judgment Should Reflect its Modification of the Easement's Purpose.

The Court found that "The Dahl's parcel is zoned for residential use and neither side asserts that it has any purpose other than as a residential property" (Opinion, 13, ECF No. 37) While Defendant did not, and could not, list all ways for which Plaintiffs may use their property or the Easement, Defendant did not agree that the property's only purpose is to construct a residence - a use the land has never experienced. (*See* Def. MSJ, 22-23 ECF No. 9; Def. Opp. Pls. MSJ, 24-25, ECF No. 26) Nevertheless, the Court effectively supplemented the unambiguous language in the grant by finding that "[a]n ingress and egress easement implies ingress and egress for a reason," and then supplying an additional reason not found in the deed. (Opinion, 13, ECF No. 37) The Court used this modified purpose to justify expansion of the Easement. *But, c.f., Kosterman* ¶ 23 (finding that the purpose of an easement is found in the "plain text" of the grant); *see also Grygiel v. Monches Fish & Game Club, Inc.*, 2010 WI 93, ¶¶ 34, 36, 459, 787 N.W.2d 6, 17 (interpreting the use of an easement "for the purpose of ingress and egress as a means of access" as only "to access or to leave the [dominant estate]"). The Court also used this expanded purpose to find that expansion was not a burden on Defendant's land.[6] (Opinion, 15, ECF No. 37) To the extent the Court is modifying the purpose of the easement to guarantee uses for the Easement not mentioned in the deed, the judgment should properly reflect that it is modifying the purpose of the Easement.

---

[6] This is in contrast to *In re Garza*, 2017 WI 35, ¶ 31-32, 893 N.W.2d 1, 8 (discussing that burden is determined based on the dominant owner's use of an easement "within the boundary established by the [] easement").

7

### E. Plaintiffs Motions Misled the Court as to the Extent of The Required Modifications

Plaintiffs described the amount of additional land they intended to take from Defendant and put to their use as, "for the majority of the Easement portion that only serves as the private driveway to their property, the Dahls are **merely seeking a two-foot expansion** of the existing driveway…" (Pls. MSJ, 20, ECF No. 21 (emphasis added); *see also* Pls. Opp to Def. MSJ, 17, ECF No. 14) That was not true. The Court's Opinion also describes this modification as taking "a few feet of trees." (Opinion, 14, ECF No. 37) If Plaintiffs are allowed to widen the easement to 50 feet over the first 750 feet of its length, widen the Easement to 24 feet over the next 1,550 feet, and add wider segments every 150 feet as described by the existing town ordinance, that will be a taking of over 58,000 square feet of property along a meandering strip across Defendant's property. In comparison, a 2 foot expansion, as Plaintiffs said they were seeking, would only enlarge the Easement by 4,600 square feet.

Plaintiffs' motion for summary judgment was intentionally deceptive. While the town's road ordinance very clearly lays out the present requirements to obtain a road permit, Plaintiffs should be held to their own affirmative misstatements as to the extent of this taking. Equity requires that Plaintiffs should only be permitted to take dominion and control of up to the two additional feet of Defendant's land that Plaintiffs argued for.

### F. Plaintiffs Must Pay Just Compensation for this Taking

Under the changed conditions doctrine, the rule contemplates damages when easements are modified. *See Restatement (Third) of Property (Servitudes)* § 7.10 (2000) ("When a servitude is modified or terminated under this section, a court may award compensation to the beneficiaries for damages they will suffer as a result of the modification or termination."); *but*

8

*c.f., AKG Real Est., LLC v. Kosterman*, 2006 WI 106, ¶ 39, 717 N.W.2d 835, 847 (failing to discuss damages because, "we reject the *Restatement*'s departure from the general rule that express easements cannot be unilaterally modified.").[7] The unilateral widening of an easement is a 'taking' in the context of adverse possession. *See Lindokken v. Paulson*, 224 Wis. 470, 272 N.W. 453, 456 (Wis. 1937). While Defendant has no intention of selling any portion of his property at any price, the Court should determine appropriate damages resulting from the Court's modification of the Easement and the reduction in the value of the remainder of Defendant's property. Because no Wisconsin court has addressed compensation for modifying express easements, this issue may require additional testimony and/or briefing.

Because it remains unclear how much property the Court will authorize the Plaintiffs to take and put to their own use in the judgment, just compensation may not yet be accurately determined. Nevertheless, the benefit to Plaintiffs of modification is at minimum $89,000 representing the uncontested jurisdictional amount in this case. Alternatively, because the Easement may no longer have defined and perpetual boundaries, allowing Plaintiffs to continuously and endlessly modify the Easement at their convenience, Defendant may no longer have any benefit over the portion of his property encumbered by the now unbound Easement. Therefore, in review of the property map in the Opinion, the loss to Defendant represents approximately four times the amount of land area belonging to Plaintiffs. Since Plaintiffs' land is

---

[7] Because Plaintiffs did not articulate, and the Court did not apply, a legal theory accepted under Wisconsin law that gives the Court jurisdiction to modify a written easement, these modifications may rightly be characterized as a taking. While there is no right recognized in the law to take Defendant's land for a private use, takings are subject to just compensation. *See* Wis. Const. art. I, § 13 ("The property of no person shall be taken for public use without just compensation therefore."); *see also* U.S. Const. Amend. V. ("[N]or shall private property be taken for public use, without just compensation."); but *see, Schwab v. Timmons*, 224 Wis. 2d 27, 39, 589 N.W.2d 1, 7 (Wis. 1999) ("Wisconsin does not provide for private condemnation"); s*ee also, Wisconsin Water Co. v. Winans*, 85 Wis. 26, 54 N.W. 1003, 1006 (Wis. 1893) ("It is firmly settled that the legislature has no power to authorize the taking of private property for a private use without the owner's consent, even upon the making of just compensation therefor.").

9

unimproved, like the affected portion of Defendant's land, and they purchased their property for $199,000 (See ¶ 19, ECF No. 1), this would represent a loss to Defendant of $796,000.

### G. Maintenance and Repair of the Easement

Plaintiffs have the right to maintain and repair the Easement within its boundaries. They have made no showing whatsoever that they are entitled to pave the Easement and even if the Court ties its judgment to the town's ordinance, the ordinance does not require a paved surface. The parties agree that Plaintiffs should have the duty to pay for the cost of any improvements to the Easement and the future costs of maintenance and repair of the Easement.

### H. Stay Pending Appeal

In discussions with Plaintiffs' counsel regarding this judgment, Plaintiffs' counsel stated that they will not object or otherwise oppose a request for a stay of the judgment pending appeal should Defendant proceed with appeal, but Plaintiffs would not agree to put such a provision in the judgment. They believe Defendant should file an unopposed motion after Plaintiffs have had an opportunity to submit their bill of costs following entry of the final judgment. While Defendant is willing to file such a motion, since the parties appear to agree on that issue, it would be simpler, and avoid an unnecessary motion, if a stay were incorporated into the judgment.

### Conclusion

Based on the foregoing, and while Defendant believes expanding a written easement is not a remedy available under Wisconsin law, and therefore exceeds this Court's jurisdiction,

Defendant proposes the attached judgement is consistent with the Court's Opinion and the concerns raised herein.

Dated this 8th day of August, 2025.

Respectfully submitted,

*/s/ James DeBriyn*
James DeBriyn