UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

JEFFREY D. DAHL and KRISTIN L.
DAHL, as Co-Trustees of the Dahl Family
Revocable Trust, dated September 27, 2019,

                Plaintiff,

      v.                                      Case No. 24-CV-336-jdp

JAMES DEBRIYN,

                Defendant.

**[DEFENDANT'S PROPOSED] ORDER FOR JUDGMENT**

The Court, having issued an order dated July 18, 2025 (ECF No. 37) holding that Plaintiff Jeffrey D. Dahl and Kristin L. Dahl, as Co-Trustees of the Dahl Family Revocable Trust, dated September 27, 2019 (the "Dahls") is entitled to a declaratory judgment in their favor construing their easement rights for ingress and egress on property owned by Defendant James DeBriyn ("Debriyn"), declares the following:

**IT IS HEREBY ADJUDGED AND ORDERED THAT**

1.      The Dahls possess an easement for ingress and egress over the DeBriyn property located in the Town of Cable, Bayfield County, Wisconsin described as follows:

> Beginning at the Northwest corner of said NE ¼ of the NE ¼; thence South 89° 47' 30" East along the North line of the Section, 944.15 feet to a point 4 feet, more or less, from the water's edge of Rosa Lake; thence South 40° 14' 31" West along a meander line, 291.68 feet; thence South 1° 44' 30" West along a meander line, 233.54 feet to a point 20 feet, more or less, from the water's edge of Rosa Lake; thence North 89° 47' 30" West parallel with the North line of the section, 746.01 feet to the West line of said NE ¼ of the NE ¼; thence 0° 19' 37" West along said West line, 456.80 feet to the Point of Beginning. Including all lands lying between the above-described meander line and the water's edge of Ross Lake; EXCEPT lands lying beneath the water of Little Rosa Lake.
> (the "Easement").

2. The location and purpose of the Easement are defined in the deed, but the width of the Easement was not described in the deed.

3. The Court finds that the width of the Easement is 10 feet.

4. The Court finds that the Easement is presently capable of providing physical ingress and egress to the dominant property.

5. The Court finds that the current width of the Easement does not allow the Plaintiffs to obtain a building permit to construct a residence on Plaintiffs' property.

6. Under the changed conditions doctrine, the Court finds that it has jurisdiction to modify the Easement, and the Court will modify the purpose of the Easement so that the new purpose of the Easement will be to guarantee suitable access to comply with any present or future change in development laws that affect the dominant owner's use of the dominant property.

7. Under the changed conditions doctrine, the Court finds that it has jurisdiction to modify the dimensions of the Easement, and the Court will modify the Easement's physical dimensions, and location to the extent necessary, as follows:

> \*\*\* If the Court chooses to modify the Easement in accordance with the affirmative statements made in Plaintiffs motion for summary judgement and the Court's Opinion describing the modification as a "few feet of trees."
>
> Plaintiffs, and any subsequent holder(s) of the Easement, may use up to an additional two feet from the centerline of the existing Easement, not to extend beyond the DeBriyn Property. Therefore, the Easement will have a width of 12 feet.
>
> \*\*\*Alternate Provision if the Court chooses to grant Plaintiffs more relief than they argued in their motion for summary judgment and modify the Easement to meet all of the present requirements of the town ordinance.

Plaintiffs, and any subsequent holder(s) of the Easement, may use up to an additional 14 feet of Defendant's land from the public road to the point the Easement turns West from the road leading to Defendant's structures (the "First Part") for a 24 foot wide and 10 inch gravel road surface as measured from the present centerline of the Easement. Over the remainder of the Easement (the "Second Part"), Plaintiffs may use an additional 2 feet of Defendant's land for a 12 foot wide and 6 inch gravel road surface as measured from the present centerline of the Easement. Over the First Part, Plaintiffs shall have the right to clear 50 feet of along the centerline of the Easement and along the Second Part, Plaintiffs shall have the right to clear 24 feet along the centerline of the Easement. The Easement shall have a minimum height clearance of 18 feet for the First Part and 14 feet for the Second Part. The Easement shall have wider segments every 150 feet that are 25 feet long and 18 feet wide.

The Easement may be relocated such that at the location where the Easement intersects the public road, the Easement shall intersect the road perpendicular to the public road; slope away from the public road at a minimum of 1% and a maximum of 5%; and the Easement shall have visibility of 500 feet in either direction. The Easement shall be relocated so all curves maintain visibility of 500 feet over the First Part and 250 feet over the Second Part.

8.     The Dahls, and any subsequent holder(s) of the Easement, shall be responsible for the costs associated with any changes, improvements, maintenance, or repairs to the Easement.

9.     Plaintiffs will pay as compensation to Defendant an amount of $796,000 representing the diminution of value to Defendant's property resulting from modification of the Easement.

10. The judgment of the Court related to the Easement shall be stayed such that Plaintiffs may not modify the location or physical dimensions of the Easement through appeal taken in this case, if any.

11. Within 60 days from the date of this judgment, counsel for Plaintiffs in case no. 23-cv-552-jdp (Linda Coleman and Max Lindsey, jointly and severally) shall pay $405 to James DeBriyn as a sanction for intentionally failing to disclose law directly adverse to the position they argued before this Court.

**THIS CONSTITUTES THE FINAL JUDGMENT OF THE COURT.**

IT IS SO ORDERED this \_\_\_\_ day of _____, 2025.

_____
JAMES D. PETERSON
United States District Judge