IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY D. DAHL AND KRISTIN L. DAHL, AS
CO-TRUSTEES OF THE DAHL FAMILY
REVOCABLE TRUST, DATED SEPTEMBER 27,
2019,

                                                    OPINION and ORDER

                    Plaintiffs,

        v.                                          24-cv-336-jdp

JAMES DEBRIYN,

                    Defendant.

---

This case involves a property dispute over an easement owned by plaintiffs Jeffrey and Kristin Dahl. The easement allows the Dahls to use a portion of defendant James DeBriyn's property as an access route to their property. The area on which the easement is located currently contains a ten-foot-wide dirt driveway, which the Dahls want to widen to bring it into compliance with a town ordinance that sets a minimum width for private roads and driveways. The Dahls cannot build a residence on their property until the driveway complies with the ordinance. DeBriyn objects to widening the driveway. The court previously granted summary judgment to the Dahls on the issue whether they were entitled to widen the driveway under Wisconsin easement law. Dkt. 37. The court concluded that the easement contained an implied right for the Dahls to widen the driveway, because doing so was reasonably necessary for the Dahls to use their easement for its intended purpose. *Id.*

Two issues are before the court. First, DeBriyn moves for reconsideration of the court's summary judgment ruling, contending that it is inconsistent with the Wisconsin Supreme Court's ruling in *AKG Real Est., LLC v. Kosterman*, 2006 WI 106, 296 Wis. 2d 1, 717 N.W.2d 835. The court sees no inconsistency, so the motion for reconsideration will be denied. Second,

each of the parties have submitted alternative proposed declaratory judgments. After reviewing the proposals, the court will issue a declaratory judgment that the Dahls may modify the driveway to comply with the minimum requirements of the ordinance. Judgment will be entered and this case will be closed.

ANALYSIS

## A. Motion for reconsideration

DeBriyn moves for reconsideration under Federal Rule of Civil Procedure 54(b), which allows courts to revise any non-final order prior to judgment to "correct manifest errors of law or fact." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). DeBriyn contends that the court's summary judgment ruling improperly applied the "changed conditions doctrine," which is not good law in Wisconsin after *Kosterman*. 2006 WI 106.

The issue in *Kosterman* was whether the owner of a servient estate may unilaterally modify an easement on the basis that the easement has become overly burdensome relative to its benefits. *Id.*, ¶¶ 30–39. The Kostermans held an express easement to access their property via a specific route across the neighboring property. *Id.* ¶¶ 4–8. The neighboring property was owned by AKG Real Estate, LLC, which wanted to develop it into a subdivision. State administrative rules prevented AKG from building a public road along the easement and the presence of the easement prevented AKG from building the subdivision as planned. AKG suggested an alternative development plan to the Kostermans, which would have allowed the Kostermans to directly access their property from a public road, rendering the easement unnecessary. Nevertheless, the Kostermans refused to surrender the easement, so AKG sued.

AKG asked the Wisconsin Supreme Court to adopt the changed conditions doctrine, which allows courts to modify an easement when "because of changed conditions the servient estate is no longer suitable for uses permitted by the servitude," as long as the modification "preserves the benefits of the original servitude." *Id.* ¶ 30 (citing Restatement (Third) of Property: Servitudes § 7.10(2)). AKG argued that its alternative development plan preserved the Kostermans' right to access their property and allowed AKG to develop its own property as it saw fit. But the court declined to adopt the changed conditions doctrine, concluding that it was "inconsistent with longstanding precedent that Wisconsin courts do not balance the equities of adverse property owners when determining whether to grant or modify an easement." *Id.* ¶ 37.

DeBriyn says that *Kosterman* prevents Wisconsin courts from ordering any unilateral modification of an easement based on changed circumstances. But that's not accurate. *Kosterman* holds that an easement may not be unilaterally modified *if* it is still capable of accomplishing its intended purpose. *See id.* ¶ 31. Nothing in *Kosterman* precludes modification that is necessary to allow an easement to accomplish its intended purpose. *See id.* ¶¶ 22–29 (declining to modify based on impossibility of purpose on the facts, not the law). Case law subsequent to *Kosterman* has repeatedly reaffirmed this principle. *Mnuk v. Harmony Homes, Inc.*, 2010 WI App 102, ¶ 31, 329 Wis. 2d 182, 790 N.W.2d 514; *In re Garza*, 2017 WI 35, ¶¶ 30–31, 374 Wis. 2d 555, 893 N.W.2d 1. In the summary judgment decision, the court concluded that widening the Dahls' driveway was reasonably necessary to provide the Dahls with a suitable ingress and egress route to their property, which is the stated purpose of the easement. This conclusion is consistent with *Kosterman* and with Wisconsin easement law more generally.

DeBriyn also argues in his motion for reconsideration that the modification requested by the Dahls goes beyond what is necessary to accomplish the easement's intended purpose. But the court addressed DeBriyn's arguments on that issue at length in its summary judgment ruling, so no further discussion is warranted. DeBriyn's motion for reconsideration is denied.

**B. Declaratory judgment**

The remaining question involves the scope of the declaratory judgment. At the end of the summary judgment ruling, the court asked the parties to confer and submit a joint proposed judgment. The parties were unable to reach an agreement, so they each submitted separate proposals. Dkt. 40 and Dkt. 42. Neither proposal is exactly on point, so the court will briefly discuss a few issues raised by the proposals and then explain the terms of the declaratory relief that it will issue.

The court begins with DeBriyn's proposal. DeBriyn essentially ignored the assignment to draft a proposed judgment consistent with the court's summary judgment ruling. A significant portion of his proposed judgment is essentially a rehash of his legal arguments from the motion to reconsider. Dkt. 42-1. His proposal also limits modification of the driveway to "an additional two feet from the centerline of the existing Easement," which plainly contradicts the court's summary judgment order holding that the Dahls may modify the driveway to meet the minimum requirements of the town ordinance.[1] *Id.* These portions of the proposed judgment are not responsive to the court's order, and the court will not consider them further.

---

[1] DeBriyn argues that this last limitation is warranted because the Dahls "misled" the court as to the extent of modification that would be required to comply with the ordinance. Dkt. 42, at 8. The court sees no misrepresentation. Although the Dahls did not list every requirement in the ordinance in their summary judgment briefs, they cited the ordinance repeatedly and the court reviewed it in detail prior to issuing its summary judgment ruling.

One part of DeBriyn's proposal merits further discussion. DeBriyn wants the judgment to include a requirement that the Dahls pay him $796,000 for the "diminution of value to Defendant's property resulting from modification of the easement." Dkt. 42-1, at 3. To support this request, DeBriyn cites takings case law and the Restatement (Third) of Property (Servitudes) § 7.10, which sets forth the "changed conditions" doctrine discussed in the previous section. Dkt. 42, at 8–9. None of this authority is on point; this is not a takings case and as explained above, the changed conditions doctrine is not good law in Wisconsin after *Kosterman*. In any event, any request for compensation on DeBriyn's part is premature, because the Dahls have not yet made any modifications to the driveway, so it impossible to calculate what the effect of the modifications will be on the value of DeBriyn's property. If DeBriyn believes that he is entitled to compensation after the Dahls complete their modifications, he will have to seek that relief in a separate lawsuit.

As for the Dahls' proposal, there is one major problem. The Dahls want a declaration that they and their successors-in-interest can make further changes to the easement in the future "that are reasonably necessary to bring the Ingress/egress easement into compliance with the minimum requirements of the Town of Cable's ordinances regulating private roads and private driveways, including Town of Cable Ordinance 26A." Dkt. 40-1, at 2–3. That's inconsistent with the court's summary judgment ruling and Wisconsin law. Easements contain an implied right to modify the easement in ways reasonably necessary to enjoy it for its intended use, if the modifications will not unreasonably burden the servient estate. *Atkinson v. Mentzel*, 211 Wis. 2d 628, 640–41, 566 N.W.2d 158 (Ct. App. 1997); *Hunter v. Keys*, 229 Wis. 2d 710, 716–17, 600 N.W.2d 269 (Ct. App. 1999). The court has determined that modifications needed to comply with the current ordinance will not unreasonably burden

DeBriyn's property. But the court cannot preemptively decide whether future modifications will pose an unreasonable burden. The court will limit relief to the Dahls' right to modify the driveway to comply with the current ordinance.

After reviewing both proposals, the court will proceed as follows. The court will issue a declaration that the Dahls' easement gives them the right to modify the driveway to comply with the minimum requirements of Town of Cable Ordinance 26A (amended 2023). The court will also declare that the Dahls are responsible for the costs of any modifications. This declaration roughly corresponds with the Dahls' proposed judgment and is consistent with the court's summary judgment ruling.

The court understands that the parties disagree about precisely what modifications are need to comply with the minimum requirements of the ordinance, including what precise materials the Dahls must use on the driveway, how much exactly needs to be removed to meet the width and height clearance requirements, and how to modify the driveway in portions of the property that are close to the property line. But all the Dahls have requested in this case is a declaration setting forth their legal rights under the easement. These disputes are not questions for this court; the parties will have to work together with town authorities to determine what is minimally necessary to bring the driveway into compliance.

Two final points. First, DeBriyn requests that the court's order sanctioning the Dahls' former counsel be included in the final judgment. That's unnecessary; the court already ordered the sanction and based on emails between the parties that were filed along with the proposed judgment, it seems that the sanction has already been paid. *See* Dkt. 41-1, at 2 (August 8 email from plaintiff's counsel saying "I'll contact Attorneys Coleman and Lindsey today about where to send the payment."). Second, DeBriyn requests that the court stay enforcement of the

judgment to give him a chance to appeal. The Dahls don't oppose that request and the court will grant it. Enforcement of the judgment will be stayed for 30 days after entry and if DeBriyn files an appeal, during the pendency of the appeal.

ORDER

IT IS ORDERED that:

1. Defendant James DeBriyn's motion for reconsideration, Dkt. 38, is DENIED.

2. It is DECLARED that the ingress and egress easement contained in plaintiff Jeffrey and Kristin Dahl's September 4, 1990, warranty deed gives plaintiffs or their successors in interest the right to modify the ingress and egress route located on the easement to comply with the minimum requirements of Town of Cable Ordinance 26A (amended 2023). Plaintiffs shall be responsible for the costs associated with any modifications.

3. The clerk of court is directed to enter judgment and close this case.

4. Enforcement of the judgment will be STAYED for 30 days after entry and, if DeBriyn files an appeal, during the pendency of the appeal.

Entered December 22, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge